308 P.3d 1173

Karl and Fabiana STAUFFER,
Plaintiffs/Appellants,

v.

US BANK NATIONAL ASSOCIATION, a national banking association, as Trustee for CSMC Mortgage–Backed Pass–Through Certificates, Series 2006–3, Defendant/Appellee.

Karl and Fabiana Stauffer,
Plaintiffs/Appellants,

v.

First American Title Insurance Company, a Texas corporation; and First American Trustee Servicing Solutions, LLC, a Texas limited liability company, Defendants/Appellees.

Nos. 1 CA–CV 12–0073, 1 CA–CV 12–0132 (Consolidated).

Court of Appeals of Arizona, Division 1, Department A.

Aug. 20, 2013.

Gordon Silver By Ronald E. Warnicke, Robert C. Warnicke, Loren A. Morris, Phoenix, Attorneys for Plaintiffs/Appellants.

Snell & Wilmer, LLP By Gregory J. Marshall, Andrew M. Jacobs, Michael J. Coccaro, Phoenix, Attorneys for Defendant/Appellee U.S. Bank National Association.

Tiffany & Bosco, P.A. By Leonard J. McDonald, Jr., David W. Cowles, Phoenix, and Wright, Finlay & Zak, LLP By Bradford E. Klein, Newport Beach, CA, Co-counsel Attorneys for Defendants/Appellees First American Title Insurance Company and First American Trustee Servicing Solutions, LLC.

## OPINION

OROZCO, Judge.

¶ 1 Karl and Fabiana Stauffer (collectively, Stauffers) appeal the trial court's dismissal of

their special action complaint. The court dismissed the complaint after it found that (1) a Notice of Trustee Sale, a Notice of Substitution of Trustee, and an Assignment of Deed of Trust (collectively, Recorded Documents) were not liens, encumbrances or interests under Arizona Revised Statutes (A.R.S.) section 33–420.A (2007), (2) the Stauffers could not clear title to their property because § 33–420.B applies only to liens, and (3) the Stauffers were not owners or beneficial title holders under the statute. For the following reasons, we affirm the portion of the trial court's ruling that determined that § 33–420.B applies only to liens; however, we reverse the court's determination that the Recorded Documents are not interests and the Stauffers are not owners under § 33–420.A. We remand to the trial court for additional proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 On September 22, 2005, the Stauffers executed a promissory note that was secured by a deed of trust on a parcel of property in Scottsdale, Arizona (Property). The deed of trust listed Premier Service Mortgage, LLC (Premier) as the lender and Stewart Title and Trust of Phoenix, Inc. as the trustee, and it identified Mortgage Electronic Registration Systems, Inc. (MERS) as "acting solely as a nominee for Lender" and as "the beneficiary under this Security Instrument."[1] Additionally, Premier executed an Endorsement Allonge to the promissory note, endorsing the note to Ohio Savings Bank.

¶ 3 On September 17, 2010, First American Title Insurance Company (FATCO) executed a Notice of Trustee Sale, giving notice of its intent to sell the Property; however, FATCO was not appointed as substitute trustee until MERS executed the Notice of Substitution of Trustee on September 20, 2010. Both documents were recorded on September 20, 2010. FATCO subsequently notified the Stauffers that they had breached their obligations under the note by failing to make monthly installment payments since April 2010. MERS later executed an Assignment of Deed of Trust on October 1, 2010, assigning all beneficial interest under the deed of trust to U.S. Bank National Association (U.S.Bank), in its capacity as trustee for CSMC Mortgage–Backed Pass–Through Certificates, Series 2006–3.

¶ 4 The Stauffers filed a special action complaint against FATCO, First American Trustee Servicing Solutions, LLC (FATSS), Premier, and U.S. Bank. In the complaint, the Stauffers alleged that FATCO, FATSS, and U.S. Bank (collectively, Appellees) caused the recording of the Recorded Documents, all of which contained false statements.[2] The Stauffers contended that the Recorded Documents violated A.R.S. § 33–420, which prohibits recording false or fraudulent documents that assert an interest in, or a lien or encumbrance against, a property. The Stauffers also sought an order quieting title in the Property in their favor and against Appellees and Premier.

---

1. MERS is a private corporation that administers a national electronic registry that tracks the transfer of ownership interests and servicing rights in mortgage loans. *Mortg. Elec. Registration Sys., Inc. v. Neb. Dep't of Banking & Fin.*, 270 Neb. 529, 704 N.W.2d 784, 785 (2005). Through this system, MERS becomes the mortgagee of record for participating members through assignment of the members' interests to MERS. *Id.* When a member transfers an interest in a mortgage loan to another MERS member, MERS privately tracks the assignment within its system, but it remains the mortgagee of record. *Jackson v. Mortg. Elec. Registration Sys., Inc.*, 770 N.W.2d 487, 490 (Minn.2009). The lenders retain the promissory notes and servicing rights to the mortgages, and they can sell these interests to investors without having to record the transaction in the public record. *Neb. Dep't of Banking & Fin.*, 704 N.W.2d at 785.

2. The Stauffers alleged that the Recorded Documents were false or fraudulent for several reasons, including that (1) after Premier endorsed the note to Ohio Savings Bank, MERS no longer had authority to appoint FATCO as substitute trustee or transfer interest in the deed of trust to U.S. Bank; (2) FATCO signed the Notice of Trustee Sale before MERS executed the Notice of Substitution of Trustee that appointed FATCO; and (3) the same person executed the Notice of Trustee Sale and the Notice of Breach, but because the signatures did not look the same, the signature on the Notice of Trustee Sale was possibly forged.

¶ 5 Appellees filed a motion to dismiss, and the trial court granted the motion.[3] It found that (1) the Recorded Documents did not constitute documents that asserted an interest in, or a lien or encumbrance against, real property, as is required under A.R.S. § 33–420.A; (2) the Stauffers could not clear title under § 33–420.B because that subsection can be used only when false or fraudulent liens have been recorded, which the Stauffers had not alleged; and (3) the Stauffers lacked standing to clear title because they were neither owners nor beneficial title holders under § 33–420.B.

¶ 6 The Stauffers timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12–120.21.A.1 (2003) and –2101.A.1 (Supp.2012).

## DISCUSSION

¶ 7 We review the dismissal of a complaint under Arizona Rule of Civil Procedure 12(b)6 de novo. *Coleman v. City of Mesa,* 230 Ariz. 352, 355, ¶ 7, 284 P.3d 863, 866 (2012). We accept the facts alleged in the complaint as true and will affirm the dismissal only if, as a matter of law, the plaintiff would not be entitled to relief under any interpretation of the facts. *Bunker's Glass Co. v. Pilkington plc,* 202 Ariz. 481, 484, ¶ 9, 47 P.3d 1119, 1122 (App.2002), *aff'd,* 206 Ariz. 9, 75 P.3d 99 (2003).

### Arizona Revised Statutes Section 33–420.A

¶ 8 The Stauffers contend that the trial court erred when it ruled that the Recorded Documents are not documents asserting an interest in, or a lien or encumbrance against, the Property and therefore do not fall within A.R.S. § 33–420's purview. The Stauffers argue that the Recorded Documents are liens, encumbrances, and interests on the Property. Because the legislature did not define interest, lien, or encumbrance as those terms are used in the statute, we employ accepted principles of statutory construction to discern the meaning of those terms.

¶ 9 Statutory interpretation is a question of law that we review de novo. *Fremont Indem. Co. v. Indus. Comm'n,* 182 Ariz. 405, 408, 897 P.2d 707, 710 (App.1995). In any case involving statutory interpretation, we begin with the language of the statute because a statute's language is the best and most reliable indicator of its meaning. *Janson ex rel. Janson v. Christensen,* 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991). When the language is clear and unambiguous, we apply the statute without resorting to other methods of statutory interpretation. *Hayes v. Cont'l Ins. Co.,* 178 Ariz. 264, 268, 872 P.2d 668, 672 (1994). If, however, the language is ambiguous or unclear, we may consider "the context of the statute, the language used, the subject matter, its historical background, its effects and consequences, and its spirit and purpose" to determine legislative intent. *Wyatt v. Wehmueller,* 167 Ariz. 281, 284, 806 P.2d 870, 873 (1991).

¶ 10 Arizona Revised Statutes § 33–420.A provides that

[a] person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid is liable to the owner or beneficial title holder of the real property for the sum of not less than five thousand dollars, or for treble the actual damages caused by the recording, whichever is greater, and reasonable attorney fees and costs of the action.

We conclude that the text of § 33–420 is unambiguous; therefore, we will apply the plain meaning of the language without considering other methods of statutory interpretation. *See Hayes,* 178 Ariz. at 268, 872 P.2d at 672. To determine the plain meaning of a term used in a statute, we may refer to an established and widely used dictionary. *W. Corr. Grp., Inc. v. Tierney,* 208 Ariz. 583, 587, ¶ 17, 96 P.3d 1070, 1074 (App.2004).

---

3. Premier did not file a motion to dismiss and is not a party to this appeal.

¶ 11 The Stauffers argue that the Recorded Documents are liens on the Property because they "grow out of the Deed of Trust." We disagree with the Stauffers' broad interpretation of the word "lien." "Lien" is defined as "a charge upon real or personal property for the satisfaction of some debt or duty ordinarily arising by operation of law; the security interest created by a mortgage." Merriam–Webster's Collegiate Dictionary 718 (11th ed.2003). The Stauffers are correct that but for the deed of trust that they signed, the Recorded Documents would not have been recorded; however, while the deed of trust secures the debt owed by the Stauffers, the Recorded Documents themselves are not security interests and do not secure any debt or duty. We therefore find that the Recorded Documents do not assert liens on the Property.

¶ 12 We conclude, however, that the Recorded Documents assert an interest in the Property. An "interest" is a "right, title, or legal share in something." *Id.* at 652. The recorded Notice of Substitution of Trustee gave the new trustee, FATCO, the right to sell the Property. *See* A.R.S. § 33–807.A (2007) ("[A] power of sale is conferred upon the trustee of a trust deed under which the trust property may be sold...."). Similarly, by recording the Notice of Trustee Sale, FATCO is asserting an interest in the Property; it is putting others on notice that it has the right to sell, and is in fact selling, the Property. Finally, when MERS, acting as nominee for the beneficiary, executed the Assignment of Deed of Trust, it transferred all of its rights in the Property, including "the right to foreclose and sell the Property," to U.S. Bank. *See* A.R.S. § 33–807.B ("The trustee or beneficiary may file and maintain an action to foreclose a deed of trust...."). By recording the Assignment of Deed of Trust, U.S. Bank was asserting its recently acquired interest in the Property.[4]

¶ 13 Appellees contend that although the statute refers to documents that "assert" an interest in, or a lien against, real property, the documents must actually "create" an interest or lien in order to fall within A.R.S. § 33–420's ambit. "It is clear that words and phrases in statutes shall be given their ordinary meaning unless it appears from context or otherwise that a different meaning is intended." *State v. Wise,* 137 Ariz. 468, 470 n. 3, 671 P.2d 909, 911 n. 3 (1983); *see also Padilla v. Indus. Comm'n,* 113 Ariz. 104, 106, 546 P.2d 1135, 1137 (1976) ("Equally fundamental is the presumption that what the Legislature means, it will say."). There is no support for Appellees' proposition in the statute. We therefore decline to find that the legislature intended the word "assert" to mean "create."

¶ 14 Furthermore, Appellees' argument is contrary to several Arizona cases that have held that a fraudulent or groundless lis pendens can be challenged under the statute. *See, e.g., Wyatt,* 167 Ariz. at 286, 806 P.2d at 875 (stating that the purpose of the statute is achieved by "deterring individuals from knowingly filing groundless lis pendens claims"); *Evergreen W., Inc. v. Boyd,* 167 Ariz. 614, 621, 810 P.2d 612, 619 (App. 1991) (stating that "the purpose of A.R.S. § 33–420 is to permit the expeditious removal of a lis pendens [that is] alleged to be groundless"). No interest is created by the filing of a lis pendens; a lis pendens merely asserts an interest in a property by providing constructive notice to lenders or prospective purchasers of a pending lawsuit that could affect the property's title. *See Santa Fe Ridge Homeowners' Ass'n v. Bartschi,* 219 Ariz. 391, 395, ¶ 11, 199 P.3d 646, 650 (App. 2008); *see also Coventry Homes, Inc. v. Scottscom P'ship,* 155 Ariz. 215, 217, 745 P.2d 962, 964 (App.1987) ("A notice of lis pendens is a statement that a party is claiming an interest in real property which would affect the title.").

¶ 15 We therefore find that the Recorded Documents assert an interest in the Property. Accordingly, we hold that the trial court

---

4. Because we conclude that the Recorded Documents constitute an interest in the Property, we need not address whether the Recorded Documents are an encumbrance against the Property.

improperly dismissed the Stauffers' claim under A.R.S. § 33–420.A.

## Arizona Revised Statutes Section 33–420.B

### Lien on the Property

▮ ¶ 16 The Stauffers contend that the trial court erred when it dismissed their claim to quiet title to the Property. The trial court determined that A.R.S. § 33–420.B only applies when a lien has been placed against a property, which was not alleged by the Stauffers in their complaint. Subsection B provides a procedural mechanism for bringing an action to clear title of certain liens. It states that

[t]he owner or beneficial title holder of the real property may bring an action pursuant to this section in the superior court in the county in which the real property is located for such relief as is required to immediately clear title to the real property as provided for in the rules of procedure for special actions. This special action may be brought based on the ground that the lien is forged, groundless, contains a material misstatement or false claim or is otherwise invalid. The owner or beneficial title holder may bring a separate special action to clear title to the real property or join such action with an action for damages as described in this section. In either case, the owner or beneficial title holder may recover reasonable attorney fees and costs of the action if he prevails.

A.R.S. § 33–420.B.

¶ 17 The Stauffers assert that the Recorded Documents constitute liens on the Property. Alternatively, the Stauffers believe that we should interpret subsection B as including interests in, or encumbrances against, real property; otherwise, they argue, subsection B would be inconsistent with the other subsections of the statute and would render the rest of the statute meaningless.

¶ 18 We determined above that the Recorded Documents do not constitute liens on the Property. Furthermore, we may not

"inflate, expand, stretch or extend a statute to matters not falling within its expressed provisions," *City of Phoenix v. Donofrio*, 99 Ariz. 130, 133, 407 P.2d 91, 93 (1965), and we "cannot read into a statute something which is not within the manifest intention of the legislature as gathered from the statute itself." *State ex rel. Morrison v. Anway*, 87 Ariz. 206, 209, 349 P.2d 774, 776 (1960). Because the legislature referred only to liens in subsection B, we decline to expand that subsection to include interests or encumbrances.

¶ 19 Accordingly, the Stauffers may not bring a special action to clear title under the first two sentences under subsection B. This will not, however, render the rest of the statute meaningless as the Stauffers contend because subsection B provides an alternative. The third sentence in subsection B states that an owner "may bring a separate special action to clear title to the real property or join such action with an action for damages as described in this section." A.R.S. § 33–420.B. Therefore, we find that an action to clear title of a false or fraudulent document that asserts an interest in real property may be joined with an action for damages under § 33–420.A.

### Standing

▮ ¶ 20 The Stauffers also argue that the trial court erred when it ruled that they are neither the owners nor the beneficial title holders of the Property and therefore do not have standing to bring a quiet title action under A.R.S. § 33–420.B. We determined above that the Stauffers may not bring a quiet title action under the first part of A.R.S. § 33–420.B because the Recorded Documents are not liens; however, we address whether the Stauffers are owners or beneficial title holders under the statute because the same terminology is used in subsection A.

¶ 21 As above, we apply the plain meaning of the language in A.R.S. § 33–420 without considering other methods of statutory interpretation. *See Hayes*, 178 Ariz. at 268, 872 P.2d at 672; *see also Ariz. Sec. Ctr., Inc. v.*

*State*, 142 Ariz. 242, 244, 689 P.2d 185, 187 (App.1984) (stating that a statute's language "is the best and most reliable index of its meaning, and where language is clear and unequivocal it is determinative of its construction"). "The legislature is presumed to express its meaning as clearly as possible and therefore words used in a statute are to be accorded their obvious and natural meaning." *Deatherage v. Deatherage*, 140 Ariz. 317, 320, 681 P.2d 469, 472 (App.1984).

¶ 22 "Owner" is defined as "[o]ne who has the right to possess, use, and convey something; a person in whom one or more interests are vested." Black's Law Dictionary 1214 (9th ed.2009). Applying this definition, we find that the Stauffers are owners of the Property. Although the Stauffers have not paid off their loan obligation, they still have the right to possess, use, or sell the Property. Moreover, "[n]otwithstanding the conveyance of 'title' in a deed of trust, the trustor remains free to transfer the property and continues to enjoy all other incidents of ownership." *In re Bisbee*, 157 Ariz. 31, 34, 754 P.2d 1135, 1138 (1988); *see also* A.R.S. § 33–806.01.A (2007).

¶ 23 Appellees argue that we should apply *Hatch Cos. Contracting, Inc. v. Arizona Bank*, 170 Ariz. 553, 826 P.2d 1179 (App. 1991) and *Richey v. Western Pacific Development Corp.*, 140 Ariz. 597, 684 P.2d 169 (App. 1984), for the proposition that trustors who have not paid off their loan obligations are neither owners nor beneficial title holders under A.R.S. § 33–420. In *Hatch*, we determined that a bank, as beneficiary under the deed of trust, was the beneficial title holder, 170 Ariz. at 555–56, 826 P.2d at 1181–82, while the court in *Richey* held that beneficial title holder referred to a beneficiary who appears on the title and owner meant "record title holder," or the trustee. 140 Ariz. at 601, 684 P.2d at 173. However, the situation in *Richey* is markedly different than the situation in this case, as *Richey* dealt with a dual beneficiary trust between a trustee and bene-

ficiaries, rather than a deed of trust between a trustor, trustee, and beneficiary. *See id.* at 598, 684 P.2d at 170.

¶ 24 Furthermore, in making its determination, the court in *Richey* was not asked to consider whether "owner" included trustors or mortgagors. Rather, it simply agreed with the appellants' contention that owner meant "record title holder." *Id.* at 601, 684 P.2d at 173. We therefore decline to apply the court's holding in *Richey* to this case.

■ ¶ 25 We find equally unavailing Appellees' assertion that the Stauffers lack jurisprudential standing to sue. In order to have standing, a plaintiff must have suffered "a distinct and palpable injury." *Sears v. Hull*, 192 Ariz. 65, 69, ¶ 16, 961 P.2d 1013, 1017 (1998) (citing *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)). Appellees argue that the Stauffers do not have standing because the Recorded Documents have not caused them any injury, they have not disputed their own default, and the Property has not been sold pursuant to the Recorded Documents. The purpose of A.R.S. § 33–420 is to "protect property owners from actions clouding title to their property." *Wyatt*, 167 Ariz. at 286, 806 P.2d at 875. We find that the recording of false or fraudulent documents that assert an interest in a property may cloud the property's title; in this case, the Stauffers, as owners of the Property, have alleged that they have suffered a distinct and palpable injury as a result of those clouds on their Property's title. Therefore, the trial court erred in dismissing their quiet title action.

## Attorney Fees and Costs

¶ 26 The Stauffers request an award of attorney fees and costs for the superior court and district court action,[5] as well as on appeal pursuant to A.R.S. § 33–420 and AR-CAP 21(c). As the prevailing party on appeal, the Stauffers are entitled to their costs, upon their compliance with ARCAP 21.

---

5. U.S. Bank removed the case to the United States District Court, District of Arizona in April 2011; however, the district court granted the

Stauffers' motion to remand to the Maricopa County Superior Court after determining there was a lack of diversity jurisdiction.

However, although attorney fees may be awarded under A.R.S. § 33–420.A, the Stauffers' success on appeal merely results in their case being remanded to the trial court in order to allow the Stauffers to pursue their claim. Therefore, the Stauffers' request for fees is premature, and we deny their request without prejudice. *See R & M Oxford Constr., Inc. v. Smith,* 172 Ariz. 241, 247, 836 P.2d 454, 460 (App.1992). If the Stauffers prevail on remand, the trial court may award attorney fees on appeal pursuant to A.R.S. § 33–420.A.

## CONCLUSION

¶ 27 For the foregoing reasons, we affirm the portion of the trial court's ruling that determined that § 33–420.B applies only to liens, but we reverse the court's determination that the Recorded Documents are not interests and the Stauffers are not owners under § 33–420. We therefore remand to the trial court for additional proceedings consistent with this opinion.

CONCURRING: PETER B. SWANN, Judge and MARIA ELENA CRUZ, Judge Pro Tempore.*