

**FILED**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 22 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROCKY AND BRENDA CORONADO, | No. 12-15827 |
| Plaintiffs - Appellants, | D.C. No. 2:11-CV-02590-ROS |
| v. | District of Arizona |
| CHEVY CHASE BANK, FSB, CAPITAL ONE FINANCIAL CORPORATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., T.D. SERVICE COMPANY OF ARIZONA, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted January 17, 2014[**]
San Francisco, California

Before: WALLACE, BYBEE, Circuit Judges, and GETTLEMAN, District Judge.[***]

The Coronados lost their home loan to foreclosure. Their complaint alleges six claims of relief based on putative flaws in the foreclosure process. The district court dismissed their complaint with prejudice for failure to state a claim. The Coronados filed a timely notice of appeal. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

We review de novo the district court's dismissal for failure to state a claim, and can affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We will only reverse if we determine that the Coronados' complaint contains specific factual allegations sufficient to raise their right to relief "above the speculative level," and establishes claims for relief that are "plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

---

[**] The panel unanimously concluded this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert W. Gettleman, District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

First, the Coronados alleged that the defendants recorded documents "purporting to claim an interest in" their property that contained false statements, in violation of Arizona law. Ariz. Rev. Stat. Ann. § 33-420. Although the relevant documents are covered by the statute, *see Stauffer v. U.S. Bank Nat'l Ass'n*, 308 P.3d 1173, 1177-78 (Ariz. Ct. App. 2013), we nonetheless affirm because any misstatements were not material to the Coronados. *Sitton v. Deutsche Bank Nat'l Trust Co.*, 311 P.3d 237, 243 (Ariz. Ct. App. 2013). The Coronados admit they "failed to make payments on the note." They were thus subject to foreclosure "no matter who was assigned as beneficiary, or when." *Id.* at 244. Because TD Service Company provided "a statement indicating the basis for [its] authority" to commence the sale, the Coronados are not entitled to relief under Arizona's false recording statute. *Hogan v. Wash. Mut. Bank, N.A.*, 277 P.3d 781, 783 (Ariz. 2012).

Second, the district court correctly held that Arizona does not require the defendants to show authority before foreclosing on a note. *See id.* at 782 ("Arizona's non-judicial foreclosure statutes do not require the beneficiary to prove its authority or 'show the note' before the trustee may commence a non-judicial foreclosure"). The trustee foreclosure sale was held under the deed of trust and was not subject to the Uniform Commercial Code. *Id.* at 783.

We also affirm the district court's dismissal of the Coronados' four other claims. The Coronados failed to argue that the documents they signed were adhesion contracts or procedurally unconscionable in their opening brief on appeal, and have therefore waived those arguments. *Eberle v. City of Anaheim*, 901 F.2d 814, 817-18 (9th Cir. 1990). As the district court correctly held, lack of standing is not a cause of action. The dismissal of the Coronados' consumer fraud claim was consistent with our precedent. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041-42 (9th Cir. 2011). The district court properly dismissed the Coronados' claim for quiet title. *Sitton*, 311 P.3d at 240 (once "a trustee's sale is completed, [a trustor] waives all claims to title of the property").

District courts have "wide latitude" to deny a hearing. *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998). In light of such latitude, we hold that the district court's refusal to hold a hearing was not error. Moreover, because any amendment to the complaint would have been futile, we affirm the district court's dismissal of the Coronados' complaint with prejudice. *Cervantes*, 656 F.3d at 1042.

Finally, we affirm the district court's remaining holdings. The motion for an injunction was properly denied because once a foreclosure sale occurs, all defenses and objections to that sale are waived unless there was "issuance of a court order granting relief" before the sale. Ariz. Rev. Stat. Ann. § 33-811(C). The district court properly awarded attorneys' fees to TD Service Company, which was

improperly joined. Ariz. Rev. Stat. Ann. § 33-807(E) ("the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee" if sued in any action other than one pertaining to a breach of the trustee's statutory or trust obligations).

TD Service Company's motion to strike is granted, and the Coronados' motion for judicial notice is denied as moot.

**AFFIRMED.**