**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUN 12 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

LADY JENNIFER BARONE,

       Plaintiff - Appellant,

 v.

MERSCORP, INC.; et al.,

       Defendants - Appellees.

No. 12-16449

D.C. No. 2:09-md-02119-JAT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Submitted November 8, 2013[**]
San Francisco, California

Before: TASHIMA, W. FLETCHER, and NGUYEN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellant Lady Barone challenges the district court's dismissal of her claims. We review dismissal for failure to state a claim de novo, *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012), and reverse in part and affirm in part.

Appellant's claims were dismissed, in the first instance, because they were premised on the erroneous legal theory that assignments of the deed within the Mortgage Electronic Registration System ("MERS") were invalid under Arizona law because the note was "split" from the deed. That theory was rejected by our holding that, under Arizona law, "the split only renders the mortgage unenforceable if MERS or the trustee, as nominal holders of the deeds, are not agents of the lenders." *Cervantes v. Countrywide Home Loans*, 656 F.3d 1034, 1044 (9th Cir. 2011). Seizing on this language, Barone maintains she has alleged the trustee was not an authorized agent of the lender. The district court correctly declined to accept that legal conclusion, which is unsupported by alleged facts, and contradicted by the clear language on the face of the deed itself (which was attached to Barone's pleading). Fed. R. Civ. P. 12(b)(6); *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The district court also correctly noted, with respect to Barone's claim for wrongful foreclosure, that this tort is unrecognized in Arizona. *Cervantes*, 656 F.3d at 1043. And, even assuming it were a viable theory, it does not appear from

2

the record that Barone can, in good faith, allege satisfaction of the traditional prerequisite, adopted by other states, that any default must be formally cured. Because these defects cannot be cured by further amendment, the district court properly denied leave to amend as futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003).

The district court erred, however, in dismissing Barone's claim for recording false documents, under Arizona Revised Statutes § 33-420. The court held that the statute does not apply to assignments that do not originate a new property interest, but *Stauffer v. U.S. Bank National Ass'n*, 308 P.3d 1173, 1175 (Ariz. Ct. App. 2013), holds, to the contrary, that section 33-420 applies to notices of substitution of trustee, and assignments of deeds. Alternatively, the court held that Barone lacked standing to assert a claim; but, the Arizona courts have rejected that argument as well. *Sitton v. Deutsche Bank Trust Co.*, 311 P.3d 237, 241 (Ariz. Ct. App. 2013); *see also In re Mortgage Elec. Registration Sys., Inc.*, No. 11-17615, Slip op. at 18, 20. We therefore reverse the dismissal of Barone's false documents claim and remand to the district court for further proceedings.

Each side to bear its own costs on appeal.

**AFFIRMED IN PART; AND REVERSED AND REMANDED IN PART.**