**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 7 2014



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HELEN E. READER, | No. 12-15205 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-02461-FJM |
| v. | |
| BANK OF AMERICA, NA, a Texas limited partnership, successor in interest to BAC Home Loans Servicing LP; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted June 25, 2014[**]

Before:     HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Helen E. Reader appeals pro se from the district court's judgment dismissing

her action arising from foreclosure proceedings. We have jurisdiction under 28

U.S.C. § 1291. We review de novo. *Cervantes v. Countrywide Home Loans, Inc.*,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

656 F.3d 1034, 1040 (9th Cir. 2011).  We affirm in part, vacate in part, and remand.

The district court properly denied Reader's motion to remand because the district court had diversity jurisdiction and defendants timely removed.  *See* 28 U.S.C. § 1332(a) (diversity jurisdiction); *Destfino v. Reiswig*, 630 F.3d 952, 955-56 (9th Cir. 2011) (setting forth standard of review and holding that each defendant is entitled to thirty days to exercise his removal rights after being served).

The district court properly dismissed Reader's claims for wrongful foreclosure and tortious interference with enjoyment of property, and her request for a declaratory judgment, because her allegations did not "plausibly suggest an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *see also Cervantes*, 656 F.3d at 1043-44 (explaining that "Arizona state courts have not yet recognized a wrongful foreclosure cause of action," and in states that do recognize such claims, they typically are available only after foreclosure and are premised on allegations that the borrower was not in default).

The district court properly dismissed Reader's claim for "breach of the deed of trust contract" because documents referred to in the complaint showed that defendants complied with the provision requiring notice prior to acceleration.  *See Chartone, Inc. v. Bernini*, 83 P.3d 1103, 1111 (Ariz. Ct. App. 2004) (elements of

breach of contract under Arizona law); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (court may consider documents not physically attached to the plaintiff's pleading whose contents are alleged in the complaint and whose authenticity no party questions).

The district court properly dismissed Reader's quiet title claim because Reader failed to allege facts showing that the loan has been repaid. *See Farrell v. West*, 114 P.2d 910, 911 (Ariz. 1941) (where "it appears there is an unsatisfied balance due to a defendant-mortgagee, or his assignee, the court will not quiet the title until and unless [plaintiff] pays off such mortgage lien").

However, after the district court dismissed Reader's claims for promissory estoppel, in which Reader alleged breach of a promise to offer a permanent loan modification after she made trial payments, we held that a bank may be contractually obligated to offer a permanent loan modification to a borrower who made trial payments. *See Corvello v. Wells Fargo Bank, NA*, 728 F.3d 878, 883-84 (9th Cir. 2013) (per curiam). Because the district court did not have the benefit of *Corvello* when it issued its order of dismissal, we vacate and remand to allow the court to reconsider Reader's claims for promissory estoppel.

We also vacate and remand Reader's claim for violation of Ariz. Rev. Stat. § 33-420 to allow the court to reconsider it in light of intervening state case law.

12-15205

*See Sitton v. Deutsche Bank Nat'l Trust Co.*, 311 P.3d 237, 240-41 (Ariz. Ct. App. 2013) (holding that property owner had standing under Ariz. Rev. Stat. § 33-420 and that the allegedly false documents fell within the statute's scope); *Stauffer v. U.S. Bank Nat'l Ass'n*, 308 P.3d 1173, 1176-77, 1179 (Ariz. Ct. App. 2013) (same).

Finally, we vacate and remand Reader's claim for an injunction against the trustee's sale under Ariz. Rev. Stat. § 33-811(C) in light of our decision to remand some of her other claims. *See* Ariz. Rev. Stat. § 33-811(C) (defenses and objections to a trustee's sale are waived if they are not raised in an action resulting in injunctive relief before the sale).

Reader's motion to file an oversized exhibit, filed on August 30, 2012, is denied.

Defendants' request to strike the portion of Reader's opening brief inserting alleged images from a home loan help website, set forth in their answering brief, is granted.

Each party shall bear its own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

12-15205