NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 19 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GRICELDA ROSSETTO, | No. 14-16051 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00142-GMN-CWH |
| v. | |
| WELLS FARGO HOME MORTGAGE, INC.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief District Judge, Presiding

Submitted May 10, 2016[**]
San Francisco, California

Before: McKEOWN and FRIEDLAND, Circuit Judges and LEFKOW,[***] Senior District Judge.

Gricelda Rossetto appeals from the district court's dismissal of her

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Joan H. Lefkow, Senior District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

complaint against Wells Fargo Bank, N.A.[1] and Mortgage Electronic Registration Systems, Inc. (MERS), to quiet title on her mortgaged property based on claimed false recordation of trust deed documents. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review de novo a district court's decision to dismiss for failure to state a claim. *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1133 (9th Cir. 2012). On this appeal, however, Rossetto takes no issue with any of the district court's reasons for dismissal.[2] Instead, she argues for the first time that this court should recognize a Nevada right of action by analogy to an Arizona statute imposing liability on a person who records a false or forged lien or encumbrance against real property. Ariz. Rev Stat. § 33-420. She relies vaguely on *In re MERS*, 754 F.3d 772, 781–84 (9th Cir. 2014), which reversed a judgment dismissing a claim in light of the Arizona Court of Appeals' interpretation of § 33-420 in *Stauffer v. U.S. Bank National Association*, 308 P.3d 1173, 1178 (Ariz. Ct. App. 2013) (holding "that an action to clear title of a false or fraudulent document that

[1] Wells Fargo was improperly named in the complaint as Wells Fargo Home Mortgage.

[2] Her failure to raise issues in the district court and arguments in her opening brief results in their waiver. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

2

asserts an interest in real property may be joined with an action for damages under § 33-420.A").

Although we have discretion to consider issues of law raised for the first time on appeal, *see, e.g.*, *Myers v. Merrill Lynch & Co.*, 249 F.3d 1087, 1088 (9th Cir. 2001), we decline to do so in this case, because this is not a case where "the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court." *United States v. Carlson*, 900 F.2d 1346, 1349 (9th Cir. 1990).

Likewise, the district did not abuse its discretion in dismissing with prejudice after Rossetto acquiesced in a motion to lift the automatic stay in her bankruptcy proceeding, failed in both quiet title actions to oppose a motion to dismiss, raises no substantive error on appeal, and even at this late date proffers no facts in support of a viable cause of action under Nevada law. *See Coal. to Defend Affirmative Action*, 674 F.3d at 1133 (reviewing decision to dismiss with prejudice for an abuse of discretion).

**AFFIRMED.**