NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JIMMY RILEY, *Plaintiff/Appellant,*

*v.*

CARPE DIEM COLLEGIATE HIGH SCHOOL, an Arizona non-profit corporation, *Defendant/Appellee.*

No. 1 CA-CV 20-0234
FILED 6-8-2021

Appeal from the Superior Court in Yuma County
No. S1400CV201801018
The Honorable Levi Gunderson, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Jimmy Riley, Yuma
*Plaintiff/Appellant*

Grasso Law Firm, PC, Chandler
By Robert Grasso, Jr., N. Patrick Hall
*Counsel for Defendant/Appellee*

_____

**MEMORANDUM DECISION**

Chief Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Jennifer B. Campbell and Judge Lawrence F. Winthrop joined.

_____

**S W A N N**, Chief Judge:

**¶1**          Jimmy Riley brought an action against Carpe Diem Collegiate High School ("the School") under A.R.S. § 33-420(C) after the School declined to release a voluntary lien it held on Riley's residence.  We affirm the superior court's entry of summary judgment for the School.  The punitive damages authorized by A.R.S. § 33-420(C) are available only when the defendant refuses to release an encumbrance knowing that the encumbrance is invalid.  Here, the undisputed evidence established good-faith grounds for the School's conduct.

## FACTS AND PROCEDURAL HISTORY

**¶2**          In 2010, the School loaned Riley $150,000, and Riley executed and recorded a Notice of Voluntary Lien on his residence as security.  Riley did not repay the entire loan.  In June 2017, the School agreed to accept certain construction work from Riley as payment in full.  Riley performed at least some of the work.  But despite Riley's written request that the School release the lien, the School refused because it believed Riley had not fully performed his contractual obligations.

**¶3**          Riley brought a single-claim action against the School for violation of A.R.S. § 33-420.  The parties filed competing motions for summary judgment.  The superior court granted summary judgment for the School on the damages claim but ordered the lien to be released because Riley had cured any deficient performance during the pendency of the case. The court made the judgment appealable under Ariz. R. Civ. P. ("Rule") 54(b) and authorized the School to apply for attorney's fees (which were ultimately awarded).  Riley appeals from the Rule 54(b) judgment.

## DISCUSSION

**¶4**          We review summary judgment rulings de novo.  *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003).  Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving

2

party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). We apply clear and unambiguous statutory language according to its plain meaning. *Butler Law Firm v. Higgins*, 243 Ariz. 456, 459, ¶ 7 (2018).

¶5        As an initial matter, we note that Riley pursued only one cause of action: violation of § 33-420. Further, he does not assert on appeal that he was entitled to relief on any theory. We therefore examine § 33-420 only, and express no opinion regarding other claims that Riley might have brought.

¶6        Section 33-420 serves to "protect property owners from actions clouding title to their property." *Stauffer v. U.S. Bank Nat'l Ass'n.*, 233 Ariz. 22, 28, ¶ 25 (App. 2013) (quotation omitted). The statute provides, as relevant here, that

> [a] person who is named in a document which purports to create an interest in, or a lien or encumbrance against, real property and who knows that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid shall be liable to the owner or title holder for the sum of not less than one thousand dollars, or for treble actual damages, whichever is greater, and reasonable attorney fees and costs as provided in this section, if he wilfully refuses to release or correct such document of record within twenty days from the date of a written request from the owner or beneficial title holder of the real property.

A.R.S. § 33-420(C).

¶7        We need not decide today whether § 33-420(C) applies to encumbrances that, though not void ab initio, become invalid because they have expired or otherwise should be released. Riley's claim fails even assuming that § 33-420(C) applies to his voluntary lien. The damages authorized by the statute are punitive, and therefore require scienter on the part of the defendant. *Wyatt v. Wehmueller*, 167 Ariz. 281, 286 (1991); *Fagerlie v. Markham Contracting Co.*, 227 Ariz. 367, 376, ¶ 49 (App. 2011). Section 33-420(C) plainly provides that recovery can be had only when the defendant "knows" of a lien's invalidity and "wilfully refuses" to release or correct it. Damages are unavailable when the defendant has a good-faith basis for its conduct. *Fagerlie*, 227 Ariz. at 376, ¶¶ 51–52. Here, the undisputed evidence established that the School had a good-faith basis for not releasing the lien: Riley admitted that he did not provide an invoice as promised; Riley agreed that the School would bear no construction costs yet an unpaid

subcontractor threatened litigation against the School; and the parties disputed the sufficiency of Riley's work with respect to baseboards. The superior court therefore did not err by entering summary judgment for the School with respect to Riley's § 33-420(C) claim.

## CONCLUSION

¶8　　　　We affirm the Rule 54(b) judgment. We deny the School's requests for sanctions under ARCAP 25 and attorney's fees under A.R.S. § 12-341.01. As the prevailing party, the School is entitled to recover its costs upon compliance with ARCAP 21.

