NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOHN CHUBBUCK, as TRUSTEE of the T.W. TRUST, *Plaintiff/Appellee*,

*v.*

THOMAS A. D. WHEELER, *Defendant/Appellant*.

No. 1 CA-CV 22-0568
FILED 6-1-2023

Appeal from the Superior Court in Maricopa County
No. CV2020-093266
The Honorable Stephen M. Hopkins, Judge (Retired)

**AFFIRMED**

COUNSEL

Evans Dove Nelson Fish & Grier PLC, Mesa
By Trevor J. Fish
*Counsel for Plaintiff/Appellee*

Doncaster Law PLLC, Phoenix
By Samuel J. Doncaster
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge Samuel A. Thumma and Judge Anni Hill Foster joined.

---

**H O W E**, Judge:

¶1 Thomas Wheeler appeals the grant of summary judgment for John Chubbuck, on behalf of T.W. Trust, quieting title to the subject real property located in Mesa, Arizona ("Property") and imposing a statutory sanction on Wheeler for filing invalid lis pendens. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 Chubbuck was the original owner of the Property. In 2000, Chubbuck agreed to sell Wheeler the Property for $105,000 to be paid in full on or before June 1, 2015. Chubbuck also executed a quitclaim deed, which Wheeler did not record. The Agreement for Sale noted that a loan company held an existing first mortgage on the Property, for which Chubbuck, in his individual capacity, would be responsible until the mortgage was paid in full. In 2006, Chubbuck refinanced that loan and listed the Property as collateral. The corresponding deed of trust was recorded a few days later ("2006 deed of trust"). In 2010, Chubbuck conveyed title to the Property to T.W. Trust by grant deed and became its trustee.

¶3 In a 2014 lawsuit, the trial court found that Wheeler had failed to make payments under the Agreement for Sale and had not established that he had an ownership interest in the Property ("November 2016 ruling"). Wheeler had recorded a lis pendens in that lawsuit. Filing a lis pendens "merely asserts an interest in a property by providing constructive notice to lenders or prospective purchasers of a pending lawsuit that could affect the property's title." *Stauffer v. U.S. Bank Nat'l Ass'n*, 233 Ariz. 22, 26 ¶ 14 (App. 2013). In 2015, the quitclaim deed Chubbuck signed as part of the 2000 Agreement of Sale was recorded; the parties disputed who in fact recorded it. Wheeler recorded a lis pendens in a 2015 case about the 2006 deed of trust ("2015 lawsuit"). At the end of 2016, Wheeler tried to quiet title to the Property ("2016 lawsuit"). Shortly after, Wheeler recorded two lis pendens. The court found that Wheeler was "judicially estopped and

2

[could not] demonstrate any ownership interest in the real property" before the 2006 deed of trust was executed.

¶4        Wheeler appealed, and this court affirmed, holding that collateral estoppel barred Wheeler from claiming ownership interest in the Property because "Wheeler fully litigated title of the Property in his suit against Chubbuck, and a final judgment was entered indicating Wheeler had no ownership interest in the Property." *Wheeler v. Deutsche Bank Nat'l Tr. Co*, No. 1 CA-CV 18-0693, 2019 WL 4440198, *2 ¶ 7 (Ariz. App. Sept. 17, 2019). Because he had no interest in the Property in the 2014 case, he could not claim an interest. *Id.* A few months later, Wheeler recorded yet another lis pendens.

¶5        Because this court found that Wheeler had no interest in the Property, T.W. Trust sent Wheeler notices to vacate the Property and terminate tenancy. In March 2020, T.W. Trust sent Wheeler a letter explaining that his multiple lis pendens were groundless and demanding that he cancel them. The letter stated that Wheeler is liable under A.R.S. § 33–420, which prohibits recording false documents asserting an interest in, lien, or encumbrance against real property and entitles the real property's owner or beneficial title holder to damages if not released and canceled. The letter also attached a quitclaim deed and warned Wheeler that failure to sign the quitclaim deed would result in a lawsuit. Wheeler did not sign.

¶6        The following month, T.W. Trust sued Wheeler seeking to "clear up clouded title" to the Property for wrongful lien or lis pendens under A.R.S. § 33–420, to quiet title to the Property, and requesting that the court judicially foreclose against Wheeler as an unauthorized occupant of the Property. T.W. Trust alleged that Wheeler had wrongfully withheld possession of the Property since at least December 2016. A trustee's sale was initiated to enforce the 2006 deed of trust.

¶7        Wheeler countersued and filed a third-party complaint against the bank that was part of the 2006 deed of trust. Wheeler alleged that in beginning the trustee's sale, all the counter-defendants breached the covenant of good faith and fair dealing of the contract arising from the promissory note, deed of trust, and recording of the notice of sale. He requested that the court declare that he had good and marketable title to the Property, strike the notice and deed of trust, and award damages under A.R.S. § 33–420. The bank moved to dismiss Wheeler's third-party complaint based on collateral estoppel and res judicata because he had raised the issues about his title to the Property in his previous two lawsuits.

Wheeler moved for partial summary judgment on the third-party complaint against the bank, arguing that collateral estoppel did not apply.

¶8 T.W. Trust later moved for summary judgment on all issues in its own complaint and Wheeler's counterclaims. It argued that summary judgment was appropriate on Wheeler's claims based on res judicata because the claims were litigated and dismissed in previous lawsuits and affirmed on appeal. It sought an order dismissing Wheeler's counterclaim and third-party complaint, estopping Wheeler from claiming an interest in the Property, and declaring T.W. Trust as having an undivided interest in the Property. It also requested that the court find Wheeler liable for failure to remove the lis pendens under A.R.S. § 33–420 and order him to pay the trust the fair market value rent for the time he wrongfully withheld possession of the Property, which during litigation had burned down in an arson-caused fire.

¶9 The court "disregard[ed]" Wheeler's motion for partial summary judgment because he failed to comply with Arizona Rule of Civil Procedure ("Rule") 56. The court then granted in part the bank's motion to dismiss based on collateral estoppel and res judicata on the issue of Wheeler's interest in the Property and other issues alleged. The court dismissed the bank as a party with prejudice on all counts in Wheeler's third-party complaint.

¶10 The court also granted T.W. Trust's motion for summary judgment on all counts in its complaint, finding that whether Wheeler had an interest in the Property had been litigated twice, that Wheeler had failed twice in those cases, including on appeal. The court also found that Wheeler claimed a lien or encumbrance against the Property and that T.W. Trust complied with the procedure set forth in A.R.S. § 33–420, but that Wheeler did not release and cancel the lis pendens.

¶11 T.W. Trust moved for a Rule 54(b) partial final judgment quieting title to the Property. T.W. Trust renewed its motion for summary judgment and for clarification of the trial court's ruling. It argued that Wheeler recorded three lis pendens between 2016 and 2019, which affected or clouded title to the Property, and requested declaratory relief to establish that the Trust had an interest in the Property. T.W. Trust also requested a monetary judgment for fair market value rent. The court granted the motion. The court entered a ruling entitling T.W. Trust to quiet title to the Property, estopping Wheeler from having a claim of right, title, or interest in the Property, and judicially terminating the three lis pendens recorded

after November 2016. The court also dismissed with prejudice Wheeler's counterclaim and third-party complaint.

¶12        Although the court had found that Wheeler's lis pendens filed before November 7, 2016 — the date of the November 2016 ruling — were not clearly a "wrongful recording," it found Wheeler liable to T.W. Trust under A.R.S. § 33–420 for recording three lis pendens documents after November 7, 2016 — December 15, 2016, January 11, 2017, and December 6, 2019 — that clouded title to the Property. The court also found that "[t]he Trust . . . complied with the procedure of sub-section C and Wheeler did not correct the problem after that." The court found Wheeler liable for $18,000 plus interest in money damages under subsections (A) and (C), $30,000 plus interest for fair market value rent, and attorneys' fees and costs. Wheeler timely appealed.

## DISCUSSION

¶13        Wheeler argues that the trial court erred in granting T.W. Trust summary judgment and sanctions against him because a genuine issue of material fact exists that he had "reason to know" that he had no interest in the Property.[1] We review a grant of summary judgment de novo, "viewing the facts and inferences in the light most favorable to the non-prevailing party." *BMO Harris Bank N.A. v. Wildwood Creek Ranch, LLC*, 236 Ariz. 363, 365 ¶ 7 (2015). A court properly grants summary judgment if no genuine dispute of material fact exists and "the moving party is entitled to judgment as a matter of law." Rule 56(a). A trial court should grant summary judgment "if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *Orme Sch. v. Reeves*, 166 Ariz. 301, 309 (1990).

¶14        The court properly granted T.W. Trust summary judgment. A person claiming to have an interest in real property who records a document asserting that claim, knowing or having reason to know that the document is groundless or contains a material misstatement or false claim, is liable to the owner of the property for at least $5,000 and reasonable attorneys' fees and costs of the action. A.R.S. § 33–420(A). Such person "who

---

[1]        Wheeler also argues that the trial court erred in dismissing his cross-motion for summary judgment for failure to comply with Rule 56. That motion, however, was filed against the bank, which is not a party to this appeal. Therefore, we need not address it.

knows that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid shall be liable to the owner or title holder" for at least $1,000 and reasonable attorneys' fees and costs "if he willfully refuses to release or correct such document of record within twenty days from the date of a written request from the owner or beneficial title holder of the real property." A.R.S. § 33–420(C).

¶15        In determining whether lis pendens were wrongfully recorded, the court is limited to considering "whether the action is one affecting title to real property." *Santa Fe Ridge Homeowners' Ass'n v. Bartschi*, 219 Ariz. 391, 395 ¶ 11 (App. 2008) (internal quotation marks omitted); *see also Evergreen W., Inc. v. Boyd*, 167 Ariz. 614, 617 (App. 1991) ("Section 33–420 applies to the wrongful filing of a lis pendens."). "A lis pendens is groundless or has no basis only when the claim that the action affects title to real property has no arguable basis or is not supported by any credible evidence." *Bartschi*, 219 Ariz. at 395 ¶ 11 (internal quotation marks omitted). T.W. Trust was entitled to judgment under A.R.S. § 33–420 if it demonstrated that Wheeler had "reason to know" the lis pendens were invalid. *Delmastro & Eells v. Taco Bell Corp.*, 228 Ariz. 134, 142 ¶ 27 (App. 2011); *see also Fagerlie v. Markham Contracting Co.*, 227 Ariz. 367, 376 ¶ 49 (App. 2011) ("Because damages under A.R.S. § 33–420 'are punitive in nature,' the law requires scienter on the part of the wrongdoer.").

¶16        Here, the three lis pendens recorded after November 2016 were invalid, and Wheeler had reason to know that they were invalid when he received the March 2020 demand that he cancel them. By that time, Wheeler had repeatedly asserted his interest in the Property, and the trial court and this court both ruled on and rejected his claims that he had interest in the Property. In the 2014 lawsuit, the trial court found that Wheeler failed to prove his ownership in the Property and dismissed the case with prejudice. In the 2016 lawsuit, Wheeler tried to quiet title to the Property, but the trial court entered summary judgment for the bank, relying on the outcome of the 2014 lawsuit. This court affirmed on the ground of collateral estoppel and acknowledged that "Wheeler had no ownership interest in the Property." *Wheeler*, 2019 WL 4440198, *2 ¶ 7. As an involved party in the preceding actions, Wheeler had reason to know about the trial court's and this court's decisions that he had no interest in the Property. By extension, he had reason to know that the lis pendens were groundless. "Ordinarily, a showing that a recorded instrument is invalid is the best evidence that whoever recorded the instrument had reason to know it was invalid." *Delmastro & Eells*, 228 Ariz. at 143 ¶ 29. Wheeler does not present evidence to create an issue of material fact. T.W. Trust,

therefore, is entitled to summary judgment and damages under A.R.S. § 33–420(A).

**¶17** Further, T.W. Trust is entitled to summary judgment and damages under A.R.S. § 33–420(C). To prevail under A.R.S. § 33–420(C), T.W. Trust was required to demonstrate that Wheeler knew the lis pendens were groundless, "unsupported by any credible evidence, and lacked any arguable basis." *SWC Baseline & Crismon Invs., L.L.C. v. Augusta Ranch Ltd. P'ship*, 228 Ariz. 271, 283 ¶ 40 (App. 2011). In T.W. Trust's demand letter to Wheeler, it had pointed out the 2016 ruling, making Wheeler aware—if he was not otherwise—of the groundless lis pendens and resulting sanctions if not canceled and released. Wheeler, however, did not cancel and release the lis pendens and has not shown any arguable basis or credible evidence to support his argument. A "fundamental principle of our system of government [is] that all people of sound mind are presumed to know the law." *Delmastro & Eells*, 228 Ariz. at 143 ¶ 29. T.W. Trust is, therefore, entitled to statutory damages under A.R.S. § 33–420(C).

**¶18** Wheeler argues that the actual-knowledge standard under subsection C is stricter than the reason-to-know standard under subsection A. While true that "having reason to know" is not synonymous with "knowing," a document is invalid, *Delmastro & Eells*, 228 Ariz. at 144 ¶ 35, the record shows that Wheeler had actual knowledge of the groundless lis pendens. First, Wheeler had access to the court's electronic docket as an involved party, *see Haroutunian v. Valueoptions, Inc.*, 218 Ariz. 541, 555 ¶ 41 (App. 2008) (Brammer, J., dissenting), and although he was a self-represented litigant in the preceding lawsuits, that did not excuse his requirement of investigation and follow up, *see In re Marriage of Williams*, 219 Ariz. 546, 549 ¶ 13 (App. 2008) (stating courts hold such parties "to the same standards as attorneys with respect to familiarity with required procedures and . . . notice of statutes and local rules").

**¶19** Even if the 2016 ruling were ambiguous, this court had reviewed Wheeler's lawsuits and held that "Wheeler had no ownership interest in the Property." *Wheeler*, 2019 WL 4440198, *2 ¶ 7. Also, in March 2020, Wheeler received a notice to vacate the Property and a demand letter from T.W. Trust explaining the court's November 2016 ruling, the resulting groundless lis pendens, and resulting statutory sanctions. Collectively, these circumstances made Wheeler aware of the trial court's rulings that he did not have an interest in the Property.

**¶20** Wheeler also argues that determining whether one has "reason to know" that he has filed an invalid lis pendens is a factual issue

that should be resolved on a case-by-case basis and not on summary judgment. "Whether a party has 'reason to know' the relevant law . . . is not a factual inquiry under most circumstances." *Delmastro & Eells*, 228 Ariz. at 143 ¶ 30. Even if it were a factual inquiry, a dispute of fact does not exist about whether Wheeler knew or had reason to know of the groundless lis pendens. *See Chanay v. Chittenden*, 115 Ariz. 32, 39 (1977) ("Summary judgment is not designed to resolve factual issues, but to ascertain whether such issues exist."). And while Wheeler also argues that he had an honest belief that title had not been fully addressed previously, a subjective good-faith belief is insufficient to escape liability under A.R.S. § 33–420. *Delmastro & Eells*, 228 Ariz. at 143 ¶ 31 ("[A] party must have more than a subjective, good faith belief in the propriety of its recording to escape liability under § 33–420(A)."). Because no genuine issue of material fact existed, the court did not err.

## CONCLUSION

¶21 For the foregoing reasons, we affirm. Wheeler requests his reasonable attorneys' fees and costs under A.R.S. § 12–341.01 and Arizona Rule of Civil Appellate Procedure ("Rule") 21, which we deny because he is not the successful party on appeal. T.W. Trust requests its reasonable attorneys' fees and costs under A.R.S. §§ 33–420, 12–1103, 12–341, and 12–341.01, which we grant, upon its compliance with Rule 21, because it is the successful party on appeal.

