# LEWIS *v.* HERRERA, RECEIVER OF THE INTERNATIONAL BANK IN NOGALES.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF ARIZONA.

No. 79.   Submitted December 13, 1907.—Decided February 24, 1908.

The construction of the statute of a Territory by the local courts is of great, if not of controlling, weight; and in this case this court follows the construction given by the Supreme Court of Arizona to Par. 725, Rev. Stat. of Arizona of 1901, to the effect that a deed or conveyance of real property to be valid as against third parties must be signed and acknowledged by the grantor and that until acknowledged it is ineffectual to convey title. 85 Pac. Rep. 245, affirmed.

The facts are stated in the opinion.

*Mr. Webster Street* and *Mr. J. L. B. Alexander* for appellants:

Some States have passed statutes requiring all instruments before they become operative in any way to be completed by acknowledgment, and where such statutes exist they become a part and portion of the potentiality of the deed, but no such statute exists or ever has existed in Arizona, and a common law deed is effectual as a conveyance. The courts of other States have said that the acknowledgment is not a part of the deed. See *Sicards* v. *Davis*, 6 Peters, 124.

Paragraph 220, Rev. Stat., Arizona, which was changed into par. 725 in the revision of 1901, was copied from article 630 of the statutes of Texas, after that statute had received a con-

struction by the Supreme Court of Texas as to its effect upon instruments of conveyance, holding that an instrument of conveyance without acknowledgment was as much of a deed between grantor and grantee as though it were accompanied by an acknowledgment. *McLain* v. *Canales*, 25 S. W. Rep. 29, 30; *Frank* v. *Frank*, 25 S. W. Rep. 819; *Kimmarle* v. *Houston & T. C. Ry. Co.*, 12 S. W. Rep. 698, 700; *Rodgers* v. *Burchard*, 34 Texas, 442, 443, 452; *Corgell* v. *Holmes*, Posey's Unreported Cases, Vol. II.

Paragraph 2697 has no application in this case, for the reason that it only applies where the gift or conveyance is made with intent to delay, hinder or defraud creditors, or purchasers, or other persons of or from what they are or may be lawfully entitled to; and in this case the agreed statement of facts admits that there was no intentional fraud.

Under par. 2707, no conveyance is to be deemed fraudulent, solely because not founded on valuable consideration.

This paragraph was taken from the statutes of California, and when it was incorporated in the Code of Arizona, the California courts had construed it; and since its incorporation in our statute the Supreme Court of Arizona has also given it a construction in keeping with the construction given it by the Supreme Court of California. *Windhouse* v. *Boots*, 28 Pac. Rep. 557; *Thelkel* v. *Scott*, 26 Pac. Rep. 879; *Emmons* v. *Barton*, 42 Pac. Rep. 305; *Hall* v. *Warren*, 5 Arizona, 127, 134.

Paragraph 2698, as well as the whole title on "Fraudulent Conveyances" contained in the Revised Statutes of 1887, was taken from the statutes of Texas, except par. 2707, which was taken from the statutes of California. This title on "Fraudulent Conveyances" was carried into the Revised Statutes of 1901 with additional provisions.

See also the construction of par. 2698, by the Supreme Court of Texas prior to its adoption, in 1887, by Arizona, holding that no third party can question the validity of a conveyance from the husband to the wife unless he was a creditor of the husband before the conveyance was made or was a subsequent pur-

chaser without notice. *Garcia* v. *Galvan,* 55 Texas, 53; *Cole* v. *Terrel,* 9 S. W. Rep. 668; *S. C.,* 71 Texas, 556; *Willis & Bro.* v. *Smith,* 65 Texas, 656; *Lewis* v. *Simon,* 72 Texas, 470.

The appellee in this case is neither a prior creditor nor a subsequent purchaser, but a subsequent creditor; and under the authorities last cited cannot be heard to complain of a voluntary conveyance from husband to wife from the mere fact that he is a subsequent creditor. Before he can have the conveyance set aside, he must show that the conveyance was made with intent to defraud subsequent creditors. *Cole* v. *Terrel,* 9 S. W. Rep. 671. See also *Hageman* v. *Buchanan,* 14 Am. St. Rep. 732, and *Lewis* v. *Simon,* 72 Texas, 470.

*Mr. William Herring* for appellee:

A deed or conveyance of real property, to be valid, under the law of Arizona, must be signed and acknowledged by the grantor. Par. 725, Rev. Stat., Arizona, 1901.

This statute has been construed by the Supreme Court of Arizona to mean that the deed or conveyance must be acknowledged by the grantor, as well as signed by him, and that until acknowledged the deed or conveyance is ineffectual to convey title. *Lewis* v. *Herrera,* 85 Pac. Rep. 245, 246.

The construction of this statute by the local court is of great, if not of controlling weight. *Copper Queen Consolidated Mining Company* v. *Territorial Board of Equalization,* 206 U. S. 474, 482; *Sweeney* v. *Lomme,* 22 Wall. 208; *Northern P. R. Co.* v. *Hambly,* 154 U. S. 349, 361; *Fox* v. *Haarstick,* 156 U. S. 674, 679.

Similar statutes have been so construed by other courts. *Clark* v. *Graham,* 6 Wheat. 577; *Summers* v. *White,* 71 Fed. Rep. 106; *Herndon* v. *White,* 52 Alabama, 597; *Chadwick* v. *Carson,* 78 Alabama, 116; *Carlisle* v. *Carlisle,* 78 Alabama, 542; *French* v. *French,* 62 N. H. 234; *Merwin* v. *Camp,* 3 Connecticut, 35; *Heelan* v. *Hoagland,* 10 Nebraska, 511; *Hout* v. *Hout,* 20 Ohio, 124; *Smith* v. *Hunt,* 13 Ohio, 260; *Allston* v. *Thompson,* Cheves (S. Car.), 271.

The two deeds from Lewis to his wife were, therefore, not effective as conveyances until January 9, 1904, and as on that date Lewis was indebted to the bank, he was not then possessed of property in Arizona sufficient to pay his debts and the deeds were without valuable consideration. Therefore, as to the bank, a prior creditor, the deeds were void. Par. 2698, Rev. Stat., Arizona, 1901.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This was a suit by the receiver of the bank as a judgment creditor in the District Court of the Third Judicial District of the Territory of Arizona, in and for the county of Maricopa, to set aside two deeds executed by Lewis, the debtor, to his wife, and have the property therein described subjected to the payment of his judgment.

The case was tried upon an agreed statement of facts. The District Court held the deeds to be void as against complainant. Defendants appealed to the Supreme Court of Arizona, which affirmed the judgment of the lower court. 85 Pac. Rep. 245. From that judgment this appeal was taken.

The facts were sufficiently stated by counsel for appellee as follows:

"On August 25 1903, while appellants, R. Allyn Lewis and Laetitia M. Lewis, his wife, were in Germany, Lewis signed and delivered to his wife a deed conveying to her certain property situate in Phœnix, Maricopa County, Arizona, the consideration being love and affection. The execution of the deed was not acknowledged by Lewis before any officer authorized to take acknowledgments until January 9, 1904, when he did acknowledge the same before a notary in the State of New York. On December 19, 1903, in the State of New York, Lewis signed and delivered to his wife a second deed, conveying to her the same property, but with a more accurate description; the consideration therefor being also love and affection.

This second deed was likewise not acknowledged by Lewis before any officer authorized to take acknowledgments, until January 9, 1904.

"After Lewis had signed the first deed, but before he had acknowledged it, and before he had either signed or acknowledged the second deed, to wit, between November 5, 1903, and December 15, 1903, he became indebted in a large sum to the International Bank in Nogales, a bank doing business in Nogales, Arizona, which indebtedness was thereafter reduced to judgment in an action before the District Court in Arizona, brought by Fred Herrera, receiver for the bank. Execution was issued under this judgment; it was returned unsatisfied." The judgment remained unpaid.

"At the time Lewis signed the first deed to his wife, he was solvent and was not indebted to the said bank in any sum whatsoever; but at the time he signed the second deed, and on January 9, 1904, when for the first time, he acknowledged before the notary the execution of both the first and second deeds, he was indebted to said bank, and he was not possessed of property within the Territory of Arizona, subject to execution, sufficient to pay his existing debts."

It was admitted that there was no fraud in fact, and no intent in the mind of Lewis to defraud his creditors in the transfers made. Paragraph 2698 of the Revised Statutes of Arizona, 1901, is as follows:

"Every gift, conveyance, assignment, transfer or charge made by a debtor which is not upon consideration deemed valuable in law shall be void as to prior creditors, unless it appear that such debtor was then possessed of property within this Territory, subject to execution, sufficient to pay his existing debts; but such gift, conveyance, assignment, transfer or charge shall not on that account merely be decreed to be void as to subsequent creditors or purchasers."

Paragraph 725 of the Revised Statutes of Arizona, 1901, reads thus:

"725. Every deed or conveyance of real estate must be

signed by the grantor and must be duly acknowledged before some officer authorized to take acknowledgments, and properly certified to by him for registration."

As to the second deed, it was both signed and acknowledged after Lewis became indebted to the bank; as it was a gift, and as it did not appear that at the date of signing he was possessed of property in Arizona subject to execution sufficient to pay his debts, it followed that under paragraph 2698 of the Revised Statutes of Arizona the deed was void as to his prior creditor, the bank, and Herrera, the receiver.

The first deed, however, was signed by Lewis before he became so indebted. But if, as is contended, that deed did not become effective as a conveyance until it was acknowledged, namely, on January 9, 1904, on which day Lewis was already indebted to the bank, the deed was void as to it, a prior creditor. And that makes the only question in this case to be whether or not under the statutes of Arizona a deed signed, but not acknowledged, was valid as a conveyance of real property as to third parties.

The courts below held that a deed or conveyance of real property to be valid under the law of Arizona must be signed and acknowledged by the grantor, and that until acknowledged a deed or conveyance was ineffectual to convey title.

The construction of the statute by the local courts is of great, if not of controlling, weight. *Sweeney* v. *Lomme*, 22 Wall. 208; *Northern Pacific Railroad Company* v. *Hambly*, 154 U. S. 349.

This principle was applied in *Copper Queen Consolidated Mining Company* v. *Territorial Board of Equalization of the Territory of Arizona*, 206 U. S. 474, in which it was argued that a statute of Arizona in reference to the territorial board of equalization of that Territory had been taken almost *verbatim* from one of Colorado, and as that had been construed by the Supreme Court of that State contrary to the view taken by the Supreme Court of Arizona in the present case it should be followed; and we declined to do so, although various other

considerations were stated to sustain the ruling. In this case the same point is urged as respects paragraph 725, as having been transferred from the statutes of Texas in that regard, and having been construed differently from the judgment of the Supreme Court of Arizona here. But paragraph 220 of the Revised Statutes of Arizona of 1887, which was in the exact language of the Texas statute, and as follows: "220. Every deed or conveyance of real estate must be signed or acknowledged by the grantor in the presence of at least two credible subscribing witnesses thereto; or must be duly acknowledged before some officer authorized to take acknowledgments, and properly certified to by him for registration," was changed in the Arizona Revised Statutes of 1901, paragraph 725, so as to read: "725. Every deed or conveyance of real estate must be signed by the grantor and must be duly acknowledged before some officer authorized to take acknowledgments, and properly certified to by him for registration." Thus the legislative assembly of Arizona of 1901, so far from adopting the construction of the Texas statute, changed the language entirely and made it imperative that the deed should be signed and acknowledged before a proper officer. It made the acknowledgment by the grantor before a proper officer a prerequisite to the validity of the deed as much as the signing.

Paragraph 732 of the Revised Statutes of Arizona of 1901 is as follows:

"When an instrument in writing, which was intended as a conveyance of real estate, or some interest therein, shall fail, either in whole or in part, to take effect as a conveyance by virtue of the provisions of this title, the same shall, nevertheless, be valid and effectual as a contract upon which a conveyance may be enforced, as far as the rules of law will permit."

But it is unnecessary to consider here whether the unacknowledged deed of Lewis to his wife might under the provisions of this section be claimed to be good as a contract, as that is not a question in this case. These deeds were finally and properly acknowledged, but the bank was then a prior

creditor, and as to a prior creditor the deeds, being gifts, were void, it not being made to appear that Lewis was then possessed of property in Arizona sufficient to pay his existing debts.

*Judgment affirmed.*