IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

GLORIA M. LARMER, a single woman, *Plaintiff/Appellee*,

*v.*

ESTATE OF CHAUNCEY L. LARMER, JAMES L. LARMER and
YVONNE LARMER, husband and wife, *Defendants/Appellants*.

No. 1 CA-CV 15-0569
FILED 11-8-2016

---

Appeal from the Superior Court in Yavapai County
No. V1300CV201480371
The Honorable Jeffrey G. Paupore, Judge *Pro Tempore*

**REVERSED AND REMANDED**

---

COUNSEL

Linda Wallace, PLLC, Sedona
By Linda Bagley Wallace
*Counsel for Plaintiff/Appellee*

Gordon & Gordon, PLLC, Cottonwood
By Michael J. Gordon
*Counsel for Defendants/Appellants*

**OPINION**

Presiding Judge Patricia K. Norris delivered the opinion of the Court, in which Judge Samuel A. Thumma and Judge Margaret H. Downie joined.

**N O R R I S**, Judge:

¶1　　　　Appellants/Defendants, Estate of Chauncey L. Larmer, James L. Larmer, and Yvonne Larmer (collectively, "Defendants") appeal from partial summary judgment in favor of Appellee/Plaintiff Gloria M. Larmer on her claim to quiet title to certain real property. In entering partial summary judgment, the superior court found the deed conveying the property to James Larmer was invalid because the grantor had failed to duly acknowledge it. Because the grantor had duly acknowledged the deed under the Uniform Recognition of Acknowledgments Act ("URAA"), codified in Arizona Revised Statutes ("A.R.S.") sections 33-501 to -508 (2014), we reverse the partial summary judgment and remand for further proceedings.

**FACTS AND PROCEDURAL BACKGROUND**

¶2　　　　Chauncey Larmer and his wife Gloria owned real property in Yavapai County as joint tenants with the right of survivorship. In July 2013, Gloria executed a "durable power of attorney" ("POA") authorizing Chauncey to act as her agent if she became incapacitated as determined by two physicians or by a court. Under the POA, Gloria granted Chauncey broad powers, including the power to convey her real property. On November 6, 2013, Chauncey, on behalf of himself and for Gloria as her agent, conveyed their interest in the property to his son James Larmer in a deed, reserving a life estate for himself and Gloria.

¶3　　　　Chauncey acknowledged his execution of the deed before a notary. The notary did not affix her official seal to the deed, but instead used her embossing seal—also known as a "crimper"— when she notarized the deed. Chauncey died in April 2014.

¶4　　　　After Chauncey's death, Gloria sued the Defendants, and raised several claims, including a claim to quiet title to the property. As to the quiet title claim, Gloria alleged the deed was invalid because the notary had failed to notarize it with her official seal. *See* A.R.S. § 41-313 (E)(3) (2013)

(notaries must use official seal to authenticate "all official acts on every certificate or acknowledgment signed and sealed by the notary"); A.R.S. § 41-321 (Supp. 2015) (embossing seal is not an official seal and may be used only in conjunction with notary's official seal).[1] Gloria also alleged the deed was invalid because Chauncey executed it without first obtaining a determination of her incapacity. *See supra* ¶2.

**¶5**        Gloria moved for partial summary judgment on the quiet title claim. Gloria argued Chauncey had failed to duly acknowledge the deed under A.R.S. § 33-401(B) (2014) (deed or conveyance of real property must be signed by the grantor and "duly acknowledged" before officer authorized to take acknowledgments) because the notary had not used her official seal when she notarized his execution of the deed.

**¶6**        In response, James argued the deed was valid because Chauncey's acknowledgment of the deed substantially complied with A.R.S. § 33-401(B)'s acknowledgment requirement. James alternatively argued that even if the deed was invalid, Gloria was not entitled to an order quieting title to the property because Chauncey's signature alone severed the joint tenancy with Gloria, thus converting Gloria's and Chauncey's ownership of the property to a tenancy in common. Accordingly, James argued that when Chauncey died, his interest in the property became property of his estate ("tenancy in common argument").

**¶7**        The superior court granted Gloria's motion for partial summary judgment. The superior court ruled the deed was void because the notary had failed to use her official seal. The superior court also rejected James's tenancy in common argument.

## DISCUSSION

**¶8**        As he did in the superior court, James argues the superior court should not have granted Gloria's motion for partial summary judgment because Chauncey's acknowledgment of the deed substantially complied with A.R.S. § 33-401(B)'s acknowledgment requirement. We do not need to decide this issue because, as a matter of law, Chauncey duly acknowledged the deed under Arizona's version of the URAA. *First Am. Title Ins. Co. v. Johnson Bank*, 239 Ariz. 348, 350, ¶ 8, 372 P.3d 292, 294 (2016) (appellate court reviews grant of summary judgment de novo and views

---

[1]We cite to the current statutes as they were in effect at the time Chauncey executed the deed — the date of the event giving rise to this action.

3

"the facts in the light most favorable to the party against whom judgment was entered"); *State v. Boyston*, 231 Ariz. 539, 543-42, ¶ 14, 298 P.3d 887, 891-92 (2013) (appellate court interprets statutes de novo).

**¶9**        As discussed, A.R.S. § 33-401(B) requires all conveyances of real property to be "duly acknowledged." An acknowledgment generally consists of two parts. First, the grantor acknowledges the conveyance before an official authorized to take acknowledgments and, second, the official certifies the grantor's acknowledgment.  *See Lewis v. Herrera*, 208 U.S. 309, 315, 28 S. Ct. 412, 413, 52 L. Ed. 506 (1908) (acknowledgment by grantor before authorized official is prerequisite to validity of a deed); L.S. Teller, Annotation, *Sufficiency of Certificate of Acknowledgment*, 25 A.L.R. 2d 1124 (1956) (acknowledgment authenticates conveyance of property and certificate is an authentication of the acknowledgment by an official).

**¶10**        When a grantor acknowledges a deed before a notary, A.R.S. § 41-313(E)(3) requires the notary to take the acknowledgment and certify it with the notary's official seal. When, however, as here, a notary fails to use the official seal on the deed, the deed still will meet the "duly acknowledged" requirement of A.R.S. § 33-401(B) if it complies with  the URAA's acknowledgment and certification requirements.

**¶11**        The Arizona Legislature adopted the URAA in 1971. 1971 Ariz. Sess. Law, Ch. 16, §§ 1-2 (1st Reg. Sess.). The National Conference of Commissioners on Uniform State Laws drafted and approved the URAA to create a uniform form of acknowledgment because of variations among states in taking acknowledgements and certifying those acknowledgments. David K. Detton et al., *Execution, Acknowledgment, and Recordation of Documents or Whose Thumbprint is on My Deed?*, 32 Rocky Mtn. Min. L. Inst. 20 (1986); A.R.S. § 33-508 ("[URAA] shall be so interpreted as to make uniform the laws of those states which enact it."); *cf.* Memorandum from the Study Committee on Revision of the Law on Notarial Acts to the Committee on Scope & Program 1 (June 7, 2007) (one purpose behind uniform laws on notarial acts is to implement "nationwide processes and procedures" to create uniform legal treatment to address confusion regarding the legal effects of notarized documents). The URAA has been adopted by several other states. Fletcher Corporation Forms Annotated § 112:8 (5th ed.) (2016) (although the URAA has been replaced by subsequent uniform notarial acts it remains the law in a number of jurisdictions).

**¶12**        As relevant here, the URAA expressly states that it "provides an additional method of proving notarial acts[]" and "[n]othing [in the URAA] diminishes or invalidates the recognition accorded to notarial acts

by other laws or regulations of this state." A.R.S. § 33-507. Thus, if a notary takes an acknowledgment and certifies it in accordance with the URAA, the grantor is deemed to have duly acknowledged the deed under A.R.S. § 33-401(B). S*ee Apsey v. Mem'l Hosp.*, 730 N.W.2d 695, 699-704 (Mich. 2007) (out-of-state affidavit that complied with URAA was valid even though it did not comply with another state statute on notarization of affidavits; provision in URAA that states it provides an additional method of proving notarial acts showed legislative intent for URAA to provide an alternative method of validating notarial acts); *Canon School Dist. No. 50 v. W.E.S. Const. Co.*, 180 Ariz. 148, 153-54, 882 P.2d 1274, 1279-80 (1994) (because purpose in enacting a uniform act is to achieve conformity, Arizona courts should consider construction given to the uniform act by other courts); 2B Norman Singer & Shambie Singer, Sutherland Statutory Construction § 5:25 (7th ed. 2015) (cross-jurisdictional reference to states that have adopted the same uniform laws is an integral mechanism for creating uniformity).

**¶13**        Section 33-506 of the URAA adopts several "statutory short forms of acknowledgment." That section specifies that if these forms are used they will be "sufficient for their respective purposes *under any law of this state*." A.R.S. § 33-506 (emphasis added). One of the statutory short forms of acknowledgment adopted in A.R.S. § 33-506 is "[f]or an individual acting in his own right":

> State of _____
> County of _____
> The foregoing instrument was acknowledged
> before me this (Date) by (Name of person
> acknowledged.)
> (Signature of person taking acknowledgment)
> (Title or rank)
> (Serial number, if any)

A.R.S. § 33-506(1); *see also* A.R.S. § 33-506(4) (adopting statutory short form of acknowledgement "[f]or an individual acting as principal by an attorney in fact"). Here, the deed used the URAA's statutory short form of acknowledgment for Chauncey as an individual acting in his own right and as an attorney in fact for Gloria.

**¶14**        Under the URAA, a deed that uses a statutory short form of acknowledgment also will meet the URAA's certification requirements. The URAA requires a notary to certify that, first, the person acknowledging the instrument appeared before the notary; second, the person acknowledging the instrument acknowledged his execution of the instrument to the notary;

and third, the notary either knew or had satisfactory evidence the person acknowledging the instrument was the person described in the instrument. A.R.S. § 33-503(1)-(2). The URAA provides that use of the phrase "acknowledged before me"—which is used in the statutory short forms of acknowledgment—incorporates these certifications. A.R.S. § 33-505(1)-(2), (4). Thus, because the deed used the statutory short form of acknowledgment (which included the phrase "acknowledged before me") for Chauncey acting as an individual in his own right and as an attorney in fact for Gloria, it also met the URAA's certification requirements.

¶15        Of significance, the URAA does not require a seal when, as here, an Arizona notary properly takes and certifies an acknowledgment within Arizona. In contrast, the only reference to a notary's use of an official seal under the URAA concerns notarial acts performed by a person authorized to perform such acts under the laws of a foreign country. A.R.S. § 33-502(B). Thus, the absence of a seal on a deed in which an Arizona notary takes an acknowledgement and certifies it, as done here, is not a fatal defect if the URAA requirements are otherwise satisfied. *See Valley Nat. Bank of Ariz. v. Avco Dev. Co.*, 14 Ariz. App. 56, 60-61, 480 P.2d 671, 675-76 (App. 1971) (discussing predecessor to the URAA, the Uniform Acknowledgment Act, and stating it is permissive and provides an alternative law on acknowledgments); 66 C.J.S. *Notaries* § 12 (2016) (notarization lacking seal not defective if statute does not require seal); 91 Am. Jur. *Proof of Facts* 3d 345 § 10 (2006) (deed not properly acknowledged if statute requires notary to use seal).

¶16        Accordingly, because Chauncey duly acknowledged the deed under the URAA, it was not invalid. Therefore, the court should not have granted partial summary judgment in Gloria's favor on her quiet title claim. As Gloria also challenged the validity of the deed on other grounds that the superior court did not address, *see supra* ¶ 4, we do not decide, and express no opinion on, whether the deed is valid. We also express no opinion on James's tenancy in common argument as that argument may become moot depending on the superior court's resolution of Gloria's other challenges to the validity of the deed.

## CONCLUSION

¶17        We reverse the superior court's grant of partial summary judgment on Gloria's quiet title claim and remand to the superior court for further proceedings consistent with this opinion. As the successful party on appeal, we award James his taxable costs on appeal, contingent upon his compliance with Arizona Rule of Civil Appellate Procedure ("ARCAP") 21.

James also requested an award of reasonable attorneys' fees on appeal, but failed to cite any authority for a fee award. Exercising our discretion pursuant to ARCAP 21(a)(2), we deny his request for attorneys' fees on appeal.



AMY M. WOOD • Clerk of the Court
FILED: AA