**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



DAVID A. KESTER, on behalf of himself and all others similarly situated,

Plaintiff-Appellant,

v.

CITIMORTGAGE INC.; et al.,

Defendants-Appellees.

No.    16-15774

D.C. No. 2:15-cv-00365-NVW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted June 6, 2017
Pasadena, California

Before:  REINHARDT and KOZINSKI, Circuit Judges, and BERG,[**] District Judge.

David A. Kester ("Kester") filed a putative class action suit alleging that

CitiMortgage and CR Title ("Defendants") knowingly caused the recording of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Terrence Berg, United States District Judge for the Eastern District of Michigan, sitting by designation.

invalid property documents in violation of ARIZ. REV. STAT. ("A.R.S.") § 33-420(A). The district court granted Defendants' motion to dismiss. We reverse and remand.

1. Kester has standing to bring this action, despite the fact that A.R.S. § 33-411(C) provides that "an instrument affecting real property containing any defect, omission or informality in the certificate of acknowledgment and which has been recorded for longer than one year . . . shall be deemed to have been lawfully recorded on and after the date of its recording."[1] "The irreducible constitutional minimum of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016). Kester has adequately alleged all three elements. *See Washington Env'tl Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013) ("The plaintiff . . . bears the burden of proof to establish standing 'with the manner and degree of evidence

---

[1] It is undisputed that the statute of limitations for § 33-420(A) claims is four years, *Sitton v. Deutsche Bank Nat. Trust Co.*, 311 P.3d 237, 241 (Ariz. Ct. App. 2013), and that the limitations period had not expired when Kester filed suit, although he filed "nearly four years after the recording."

2

required at the successive stages of the litigation.' (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992))).

First, "the recording of false or fraudulent documents that assert an interest in a property may cloud the property's title"; therefore, Kester has adequately alleged "a distinct and palpable injury as a result of those clouds on [his former property's] title." *In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 783 (9th Cir. 2014) (quoting *Stauffer v. U.S. Bank Nat. Ass'n,* 308 P.3d 1173, 1179 (Ariz. Ct. App. 2013)). Second, this injury is fairly traceable to Defendants' conduct: despite receiving notice of the revocation of Kristen Lindner's notary commission, Defendants allegedly continued to use her notary services to execute Assignments of Deeds of Trust, Substitutions of Trustee, Notices of Default, and Notices of Trustee Sale for three months. Third, Kester's "injury would be redressed by an award of statutory damages, which [A.R.S. § 33-420(A)] makes available to prevailing [former property owners]." *See Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1116 (9th Cir. 2014), *as amended on denial of reh'g and reh'g en banc* (Oct. 31, 2014).

2. The district court incorrectly held that A.R.S. § 33-420(A) requires Kester to allege "material" invalidity in the trustee's sale documents. Arizona caselaw does not clearly resolve the question whether a plaintiff must allege materiality to

state *any* claim under A.R.S. § 33-420(A), rather than just for alleged

"misstatement[s] or false claim[s.]" A.R.S. § 33-420(A).[2] Defendants and the

district court relied on two Arizona intermediate appellate cases, *Sitton v. Deutsche*

*Bank Nat. Trust Co.*, 311 P.3d 237 (Ariz. Ct. App. 2013), and *Stauffer v. Premier*

*Service Mortgage, LLC*, 382 P.3d 790 (Ariz. Ct. App. 2016) (*"Stauffer II"*), to

argue that materiality is a necessary element of *all* claims under A.R.S. § 33-

420(A) (knowingly recording a "document [that] is forged, groundless, contains a

material misstatement or false claim or is otherwise invalid" gives rises to liability

for statutory damages). Those cases, however, interpret only the statute's

requirement that a "*material misstatement or false claim*" gives rise to liability

under A.R.S. § 33-420(A) (emphasis added). They do not clearly hold that a

---

[2] We review de novo the district court's interpretation of state law, subject to the following principles:

> When interpreting state law, a federal court is bound by the decision of the highest state court. In the absence of such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance. However, in the absence of convincing evidence that the highest court of the state would decide differently, a federal court is obligated to follow the decisions of the state's intermediate courts.

*In re Kirkland*, 915 F.2d 1236, 1238–39 (9th Cir. 1990)

plaintiff must plead materiality to state a claim for recording of "forged," "groundless," or "otherwise invalid" documents. A.R.S. § 33-420(A).

Moreover, Arizona Court of Appeals cases and a recent Ninth Circuit case found that defendants recorded invalid documents without conducting any materiality analysis. *See Williamson v. PVOrbit, Inc.*, 263 P.3d 77, 80 (Ariz. Ct. App. 2011) (concluding that subcontractor's lien was "invalid" on the basis of A.R.S. § 33–1002's owner-occupant exception without *any* materiality analysis); *Delmastro & Eells v. Taco Bell Corp*, 263 P.3d 683, 691 (Ariz. Ct. App. 2011) (mechanic's lien was invalid "because the descriptions of the jobsite and labor and materials it had provided in its preliminary notices were legally inadequate" under A.R.S. §§ 33–981(D), 33–992.01(B), and summary judgment for plaintiff was proper under § 33-420(A) because defendant had reason to know of invalidity; no analysis of whether invalidity was "material"); *In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 783–84 (9th Cir. 2014) (allegations that defendants' recorded documents were "invalid because they [we]re 'robo-signed (forged)'" sufficient to state a claim under § 33-420(A) without any analysis of materiality).

Finally, even if *Stauffer* and *Sitton* did stand for the proposition that materiality is an element of any and all claims under § 33-420(A), the plain text and purpose of the statute constitute "convincing evidence" that the Arizona

Supreme Court would not follow this broad reading of the word "material" in § 33-420(A). *See In re Kirkland*, 915 F.2d at 1239. The statute lists several types of defects in the disjunctive: § 33-420(A) is violated by where a document that is "forged, groundless, contains a material misstatement or false claim *or* is otherwise invalid" is knowingly recorded. A.R.S. §33-420(A) (emphasis added). Thus, § 33-420(A) lays out three specific and independent means by which the statute may be violated ((1) forgery, (2) groundlessness, (3) material misstatement or false claim), followed by a general, catch-all violation for documents that are (4) "otherwise invalid."[3]

In their specialized legal usage, neither "forged,"[4] nor "groundless,"[5] nor

_____

[3]The Defendants' waiver argument is without merit. According to Defendants, Kester "never developed an argument under the statute's other alleged 'prongs'" before the district court. This position is contradicted by the record: Kester's argument based on the different "prongs" of § 33-420(A) was sufficiently raised below.

[4] "The act of fraudulently making a false document or altering a real one to be used as if genuine." *Forgery*, BLACK'S LAW DICTIONARY (10th ed. 2014).

[5] "Black's Dictionary equates the term 'groundless' with the term 'frivolous.' 'A claim ... is frivolous if a proponent can present no rational argument based upon the evidence or law in support of that claim.'" *Evergreen W., Inc. v. Boyd*, 810 P.2d 612, 619 (Ariz. Ct. App. 1991) (quoting BLACK'S LAW DICTIONARY at 704 (6th ed. 1990)).

"invalid"[6] contain an intrinsic element of "materiality," i.e. that a "reasonable person would attach importance to its existence or nonexistence in determining his or her choice of action in the transaction in question." *Sitton*, 311 P.3d at 243 (citations and quotation marks omitted). In light of the three specific terms that precede "otherwise invalid" and the fact that "material" only modifies "misstatement or false claim," the phrase "otherwise invalid" is most naturally interpreted to refer broadly to any legal defect, besides a forgery, groundlessness, or a material misstatement, that would make a property document "not legally binding." *Invalid*, BLACK'S LAW DICTIONARY (10th ed. 2014); *see, e.g.*, *State v. Taylor*, 312 P.2d 162, 164 (Ariz. 1957) (demonstrating that the use of the word "otherwise" sometimes results in a broadening, rather than narrowing, of the words that precede it, depending on the context in which it is used). Section 33-420(A) plaintiffs are not required to demonstrate that a defect in a recorded document was material to them in order to establish that the document was "invalid."

Although the meaning of the plain text is clear, and therefore recourse to other indicia of meaning is unnecessary, it is worth noting that the purpose of the statute would be undermined by reading a materiality requirement into all four

---

[6] Invalid means "[n]ot legally binding." *Invalid*, BLACK'S LAW DICTIONARY (10th ed. 2014).

types of § 33-420(A) violation. As the parties agree, "[t]he purpose of A.R.S. § 33–420 is to 'protect property owners from actions clouding title to their property.'" *Stauffer II*, 308 P.3d at 1179 (quoting *Wyatt v. Wehmueller*, 806 P.2d 870, 875 (Ariz. 1991) (en banc)). "[T]he underlying rationale [of § 33-420(A)] is deterrence": this purpose is served by penalizing individuals who record property documents rendered invalid by fraudulent acknowledgment, regardless of whether a "reasonable person" would have altered "his or her choice of action" if the documents had been legally valid. *See Sitton*, 311 P.3d at 243.

3. The Assignment of Deed of Trust ("Assignment") was invalid without proper acknowledgment.[7] As a "conveyance of real property," the Assignment falls within the ambit of A.R.S. § 33-401(B), which requires that: "Every deed or conveyance of real property must be signed by the grantor and *must be duly acknowledged before some officer authorized to take acknowledgments*."

_____

[7] Contrary to Defendants' argument, the "some basis" standard is not a test for validity that applies universally to all § 33-420(A) claims, but instead is an articulation of the standard for groundlessness under that section. *See Evergreen W., Inc. v. Boyd*, 810 P.2d 612, 619 (Ariz. Ct. App. 1991). Defendants' interpretation of § 33-420 would render the words "otherwise invalid" meaningless; if "groundless" means "frivolous" (i.e. "has no arguable basis or is not supported by any credible evidence," *Evergreen*, 810 P.2d at 619) then it would not be sensible to interpret "otherwise invalid" to mean frivolous as well. *See State v. Thompson*, 65 P.3d 420, 424 (Ariz. 2003) (en banc) ("[W]e construe statutes sensibly, attempting to effectuate the intent of the legislature, and we avoid constructions that would render statutes invalid or parts of them meaningless.").

8

(Emphasis added). Courts have long recognized that failure to satisfy this acknowledgment requirement renders the conveyance invalid. *Lewis v. Herrera*, 208 U.S. 309, 315 (1908). Kester has alleged that a notary whose commission had been revoked performed the acknowledgment, which, if proven, would make the document invalid. A.R.S. § 41-311(1) ("'Acknowledgment' means a notarial act in which a notary certifies that a signer, whose identity is proven by satisfactory evidence, appeared before the notary and acknowledged that the signer signed the document."

For the same reasons, the allegedly legally deficient acknowledgment, if proven, would make the Substitution of Trustee, as a *"conveyance of real property,"*[8] invalid. *See Lewis*, 208 U.S. at 315; A.R.S. § 33-401(B).

The Notice of Trustee's Sale, however, would not have been rendered invalid by any deficient acknowledgment. The absence of an acknowledgment is not sufficient to preclude "substantial compliance" with the exemplar Notice of Sale in § 33-808(D).

4. The district court erred in concluding that any invalidity of the Assignment and Substitution was cured "by operation of law" pursuant to "the

---

[8] *See* A.R.S. § 33-801 ("'Trustee' means an individual, association or corporation qualified pursuant to § 33-803, or the successor in interest thereto, to whom trust property is conveyed by trust deed.").

governing recording statutes [A.R.S. § 33-411] and the Deed of Trust Act [A.R.S. § 33-811(B)]." The district court's reasoning fundamentally misunderstands the "significant distinction between a cause of action for damages . . . pursuant to A.R.S. § 33-420(A), and a cause of action to quiet title, which seeks a judicial determination of title, rather than damages." *State v. Mabery Ranch, Co., L.L.C.*, 165 P.3d 211, 227 (Ariz. App. Div. 1 2007). The recording statutes and the Deed of Trust Act deal with the latter, by protecting bona-fide third-party purchasers and essentially quieting title as to such purchasers.

Under § 33-411(C), the property documents in question constituted valid constructive notice to anyone who purchased the property a year after recordation, despite any defects in those documents. Similarly, § 33-811(B) of the Deed of Trust Act "limit[s] post-sale actions seeking to unwind the trustee's sale on grounds of improper notice." *M & I Bank, FSB v. Coughlin*, 805 F. Supp. 2d 858, 862 n.2 (D. Ariz. 2011); *In re Hills*, 299 B.R. 581, 586 (Bankr. D. Ariz. 2002) (Under § 33-811(B), "a purchaser who purchases for value without actual notice of any alleged defect in the notice of the sale is held to hold good title by means of the Trustee's Deed issued in its favor."). Neither provision, however, precludes a *prior owner*'s cause of action under § 33-420(A) for recording irregularities that occurred prior to the sale.

10

5. For the reasons given above, we **REVERSE** and **REMAND** for further proceedings consistent with this disposition.

Kester v. CitiMortgage, No. 16-15774

**KOZINSKI**, Circuit Judge, dissenting:

Arizona property law either cured the defendants' alleged statutory violations or prevented them from clouding plaintiff's title. Kester suffered no concrete injury and thus lacks standing.

A deed of trust involves three parties: "The first party is the lender, who is the trust beneficiary[;] [t]he second party is the borrower-trustor[;] . . . [t]he third party is the trustee, an agent for both the lender and the borrower who . . . is authorized to sell the property if the debtor defaults." Ho v. ReconTrust Co., NA, 858 F.3d 568, 570 (9th Cir. 2016). Defendants used (1) an Assignment of Deed of Trust and (2) a Substitution of Trustee to become beneficiary and trustee. After Kester defaulted on his payments, defendants recorded (3) a Notice of Trustee's Sale to start foreclosure proceedings.

Kester claims that defendants violated statutory acknowledgment requirements, which prevented these three documents from being lawfully recorded. See Ariz. Rev. Stat. § 33-411(B). But Arizona law retroactively cured any defect. Section 33-411(C) of the Arizona Revised Statutes provides that "an instrument affecting real property containing any defect, omission or informality in the certificate of acknowledgment and which has been recorded for longer than one

year . . . shall be deemed to have been lawfully recorded on and after the date of its recording." Under this provision, the allegedly defective documents were "deemed to have been lawfully recorded" after one year. Id. And the statute goes a step further: It renders the documents lawful dating back to their recording. Id. In other words, section 33-411(C) sanitizes the recording of the Assignment of Deed of Trust, Substitution of Trustee and Notice of Trustee's Sale. Because Kester brought suit long after one year, any invalidity of the recording couldn't have clouded his title.

Kester claims that failure to properly acknowledge the documents also ran afoul of "conveyance of real property" requirements. Ariz. Rev. Stat. § 33-401(B). Yet each document remained valid despite any acknowledgment glitch. Arizona's Deed of Trust Act saves the Substitution of Trustee and Notice of Trustee's Sale. A Substitution of Trustee "shall be sufficient if acknowledged by all beneficiaries under the trust deed." Ariz. Rev. Stat. § 33-804(D). CitiMortgage, the only beneficiary, acknowledged the Substitution of Trustee. Likewise, a Notice of Trustee's Sale need comply only substantially with a model statutory form to be valid. See Ariz. Rev. Stat. § 33-808(D), (E). The majority concedes that defendants satisfied that requirement.

That leaves the Assignment of Deed of Trust. Here, again, Arizona property

law rescues the document from invalidity: "When an instrument in writing, intended as a conveyance of real property or some interest therein, fails wholly . . . to take effect . . . by virtue of the provisions of this chapter, it is valid nevertheless and effectual as a contract." Ariz. Rev. Stat. § 33-437. The Arizona Supreme Court has held that an improperly acknowledged mortgage becomes "a contract which may be specifically enforced as between the parties." Heller v. Levine, 437 P.2d 983, 986 (1968). I see no basis for treating a deed of trust differently from a mortgage. CitiMortgage became the beneficiary of Kester's deed of trust notwithstanding any acknowledgment flaws in the assignment.

The majority's reliance on In re Mortg. Elec. Registration Sys., Inc., 754 F.3d 772 (9th Cir. 2014) ("In re MERS"), is risible. In that case, plaintiffs alleged that "notices of trustee sale, notices of substitution of trustee, and assignments of deed of trust . . . were . . . 'robosigned' with forged signatures." Id. at 782. Forged documents are void; the plaintiffs there were certainly injured. See Ariz. Cent. Credit Union v. Holden, 432 P.2d 276, 279 (Ariz. Ct. App. 1967); see also First Nat. Bank in Albuquerque v. Enriquez, 634 P.2d 1266, 1268 (N.M. 1981) ("It is also a well settled principle of law that a forged deed is a void deed and transfers no interest."). The counterfeit documents in In re MERS are materially different from the genuine documents here that, at worst, have minor defects. Arizona law

cures the latter but not the former.

The Supreme Court made it clear in <u>Hollingsworth</u> v. <u>Perry</u>, 133 S. Ct. 2652, 2667 (2013), that state law cannot diminish Article III standing requirements. To bring suit in federal court, a plaintiff who alleges a statutory violation under state law must also have suffered a concrete injury. <u>Spokeo, Inc.</u> v. <u>Robins</u>, 136 S. Ct. 1540, 1549 (2016). Even if Kester suffered statutory violations and stated a claim under Ariz. Rev. Stat. § 33-420(A), he can't show that those violations clouded his title or otherwise caused him a concrete injury. We must dismiss.