MEMORANDUM ** David A. Kester (“Kester”) filed a putative class action suit alleging that Citi-Mortgage and CR Title (“Defendants”) knowingly caused the recording of invalid property documents in violation of Ariz. Rev. Stat. (“A.R.S.”)§ 33-420(A). The district court granted Defendants’ motion to dismiss. We reverse and remand. 1. Kester has standing to bring this action, despite the fact that A.R.S. § 33-411(C) provides that “an instrument affecting real property containing any defect, omission or informality in the certificate of acknowledgment and which has been recorded for longer than one year ... shall be deemed to have been lawfully recorded on and after the date of its recording.”[1] “The irreducible constitutional minimum of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.” Spokeo, Inc. v. Robins, — U.S. -, 136 S.Ct. 1540, 1547, 194 L.Ed.2d 635 (2016), as revised (May 24, 2016). Kester has adequately alleged all three elements. See Washington Env’tl Council v. Bellon, 732 F.3d 1131, 1139 (9th Cir. 2013) (“The plaintiff ... bears the burden of proof to establish standing ‘with the manner and degree of evidence required at the successive stages of the litigation.’ ” (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992))). First, “the recording of false or fraudulent documents that assert an interest in a property may cloud the property’s title”; therefore, Kester has adequately alleged “a distinct and palpable injury as a result of those clouds on' [his former property’s] title.” In re Mortg. Elec. Registration Sys., Inc., 754 F.3d 772, 783 (9th Cir. 2014) (quoting Stauffer v. U.S. Bank Nat. Ass’n, 233 Ariz. 22, 308 P.3d 1173, 1179 (2013)). Second, this injury is fairly traceable to Defendants’ conduct: despite receiving notice of the revocation of Kristen Lindner’s notary commission, Defendants allegedly continued to use her notary services to execute Assignments of Deeds of Trust, Substitutions of Trustee, Notices of Default, and Notices of Trustee Sale for three months. Third, Kester’s “injury would be redressed by an award of statutory damages, which [A.R.S. § 33-420(A)] makes available to prevailing [former property owners].” See Tourgeman v. Collins Fin. Servs., Inc., 755 F.3d 1109, 1116 (9th Cir. 2014), as amended on denial of reh’g and reh’g en banc (Oct. 31, 2014). 2. The district court incorrectly held that A.R.S. § 33-420(A) requires Kes-ter to allege “material” invalidity in the trustee’s sale documents. Arizona caselaw does not clearly resolve the question whether a plaintiff must allege materiality to state any claim under A.R.S. § 33-420(A), rather than just for alleged “misstatements] or false claim[s.]” A.R.S. § 33-420(A).[2] Defendants and the district court relied on two Arizona intermediate appellate cases, Sitton v. Deutsche Bank Nat. Trust Co., 233 Ariz. 215, 311 P.3d 237 (2013), and Stauffer v. Premier Service Mortgage, LLC, 240 Ariz. 575, 382 P.3d 790 (2016) (“Stauffer II ”), to argue that materiality is a necessary element of all claims under A.R.S. § 33-420(A) (knowingly recording a “document [that] is forged, groundless, contains a material misstatement or false claim or is otherwise invalid” gives rises to liability for statutory damages). Those cases, however, interpret only the statute’s requirement that a “material misstatement or false claim” gives rise to liability under A.R.S. § 33-420(A) (emphasis added). They do not clearly hold that a plaintiff must plead materiality to state a claim for recording of “forged,” “groundless,” or “otherwise invalid” documents. A.R.S. § 33-420(A). Moreover, Arizona Court of Appeals cases and a recent Ninth Circuit case found that defendants recorded invalid documents without conducting any materiality analysis. See Williamson v. PVOrbit, Inc., 228 Ariz. 69, 263 P.3d 77, 80 (2011) (concluding that subcontractor’s lien was “invalid” on the basis of A.R.S. § 33-1002’s owner-occupant exception without any materiality analysis); Delmastro & Eells v. Taco Bell Corp, 228 Ariz. 134, 263 P.3d 683, 691 (2011) (mechanic’s lien was invalid “because the descriptions of the jobsite and labor and materials it had provided in its preliminary notices were legally inadequate” under A.R.S. §§ 33-981(D), 33-992.01(B), and summary judgment for plaintiff was proper under § 33-420(A) because defendant had reason to know of invalidity; no analysis of whether invalidity was “material”); In re Mortg. Elec. Registration Sys., Inc., 754 F.3d 772, 783-84 (9th Cir. 2014) (allegations that defendants’ recorded documents were “invalid because they [we]re ‘robo-signed (forged)’ ” sufficient to state a claim under § 33-420(A) without any analysis of materiality). Finally, even if Stauffer and Sitton did stand for the proposition that materiality is an element of any and all claims under § 33-420(A), the plain text and purpose of the statute constitute “convincing evidence” that the Arizona Supreme Court would not follow this broad reading of the word “material” in § 33-420(A). See In re Kirkland, 915 F.2d at 1239. The statute lists several types of defects in the disjunctive: § 33-420(A) is violated by where a document that is “forged, groundless, contains a material misstatement or false claim or is otherwise invalid” is knowingly recorded. A.R.S. § 33-420(A) (emphasis added). Thus, § 33-420(A) lays out three specific and independent means by which the statute may be violated ((1) forgery, (2) groundlessness, (3) material misstatement or false claim), followed by a general, catch-all violation for documents that are (4) “otherwise invalid.”[3] In their specialized legal usage, neither “forged,”[4] nor “groundless,”[5] nor “invalid”[6] contain an intrinsic element of “materiality,” i.e. that a “reasonable person would attach importance to its existence or nonexistence in determining his or her choice of action in the transaction in question.” Sitton, 311 P.3d at 243 (citations and quotation marks omitted). In light of the three specific terms that, precede “otherwise invalid” and the fact that “material” only modifies “misstatement or false claim,” the phrase “otherwise invalid” is most naturally interpreted to refer broadly to any legal defect, besides a forgery, groundlessness, or a material misstatement, that would make a property document “not legally binding.” Invalid, Black’s Law Dictionary (10th ed. 2014); see, e.g., State v. Taylor, 82 Ariz. 289, 312 P.2d 162, 164 (1957) (demon-strafing that the use of the word “otherwise” sometimes results in a broadening, rather than narrowing, of the words that precede it, depending on the context in which it is used). Section 33-420(A) plaintiffs are not required to demonstrate that a defect in a recorded document was material to them in order to establish that the document was “invalid.” Although the meaning of the plain text is clear, and therefore recourse to other indicia of meaning is unnecessary, it is worth noting that the purpose of the statute would be. undermined by reading a materiality requirement into all four types of § 33-420(A) violation. As the parties agree, “[t]he purpose of A.R.S. § 33-420 is to ‘protect property owners from actions clouding title to their property.’ ” Stauffer II, 308 P.3d at 1179 (quoting Wyatt v. Wehmueller, 167 Ariz. 281, 806 P.2d 870, 875 (1991) (en banc)). “[T]he underlying rationale [of § 33420(A) ] is deterrence”: this purpose is served by penalizing individuals who record property documents rendered invalid by fraudulent acknowledgment, regardless of whether a “reasonable person” would have altered “his or her choice of action” if the documents had been legally valid. See Sitton, 311 P.3d at 243. 3. The Assignment of Deed of Trust (“Assignment”) was invalid without proper acknowledgment.[7] As a “convey-anee of real property,” the Assignment falls within the ambit of A.R.S. § 33-401(B), which requires that: “Every deed or conveyance of real property must be signed by the grantor and must be duly acknowledged before some officer authorized to take acknowledgments.” (Emphasis added). Courts have long recognized that failure to satisfy this acknowledgment requirement renders the conveyance invalid. Lewis v. Herrera, 208 U.S. 309, 315, 28 S.Ct. 412, 52 L.Ed. 506 (1908). Kester has alleged that a notary whose commission had been revoked performed the acknowledgment, which, if proven, would make the document invalid. A.R.S. § 41-311(1) (“ ‘Acknowledgment’ means a notarial act in which a notary certifies that a signer, whose identity is proven by satisfactory evidence, appeared before the notary and acknowledged that the signer signed the document.”) For the same reasons, the allegedly legally deficient acknowledgment, if proven, would make the Substitution of Trustee, as a “conveyance of real property,”[8] invalid. See Lewis, 208 U.S. at 315, 28 S.Ct. 412; A.R.S. § 33401(B). The Notice of Trustee’s Sale, however, would not have been rendered invalid by any deficient acknowledgment. The absence of an acknowledgment is not sufficient to preclude “substantial compliance” with the exemplar Notice of Sale in § 33-808(D). 4. The district court erred in concluding that any invalidity of the Assignment and Substitution was cured “by operation of law” pursuant to “the governing recording statutes [A.R.S. § 33-411] and the Deed of Trust Act [A.R.S. § 33-811(B)].” The district court’s reasoning fundamentally misunderstands the “significant distinction between a cause of action for damages ... pursuant to A.R.S. § 33-420(A), and a cause of action to quiet title, which seeks a judicial determination of title, rather than damages.” State v. Mabery Ranch, Co., L.L.C., 216 Ariz. 233, 165 P.3d 211, 227 (App. Div. 1 2007). The recording statutes and the Deed of Trust Act deal with the latter, by protecting bona-fide third-party purchasers and essentially quieting title as to such purchasers. Under § 33411(C), the property documents in question constituted valid constructive notice to anyone who purchased the property a year after recordation, despite any defects in those documents; Similarly, § 33-811(B) of the Deed of Trust Act “limit[s] post-sale actions seeking to unwind the trustee’s sale on grounds of improper notice.” M & I Bank, FSB v. Coughlin, 805 F.Supp.2d 858, 862 n.2 (D. Ariz. 2011); In re Hills, 299 B.R. 581, 586 (Bankr. D. Ariz. 2002) (Under § 33-811(B), “a purchaser who purchases for value without actual notice of any alleged defect in the notice of the sale is held to hold good title by means of the Trustee’s Deed issued in its favor.”). Neither provision, however, precludes a prior owners cause of action under § 33-420(A) for recording irregularities that occurred prior to the sale. 5. For the reasons given above, we REVERSE and REMAND for further proceedings consistent with this disposition. This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3. . It is undisputed, that the statute of limitations for § 33-420(A) claims is four years, Sitton v. Deutsche Bank Mat. Trust Co., 233 Ariz. 215, 311 P.3d 237, 241 (2013), and that the limitations period had not expired when Kester filed suit, although he filed "nearly four years after the recording. ” . We review de novo the district court's interpretation of state law, subject to the following principles: When interpreting state law, a federal court is bound by the decision of the highest state court. In the absence of such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance. However, in the absence of convincing evidence that the highest court of the state would decide differently, a federal court is obligated to follow the decisions of the state’s intermediate courts. In re Kirkland, 915 F.2d 1236, 1238-39 (9th Cir. 1990) . The Defendants’ waiver argument is without merit. According to Defendants, Kester “never developed an argument under the statute’s other alleged ‘prongs’ ’’ before the district court. This position is contradicted by the record: Kester's argument based on the different "prongs” of § 33-420(A) was sufficiently raised below. . “The act of fraudulently making a false document or altering a real one to be used as if genuine.” Forgery, Black's Law Dictionary (10th ed. 2014). . "Black’s Dictionary equates the term ‘groundless’ with the term ‘frivolous.’ 'A claim ... is frivolous if a proponent can present no rational argument based upon the evidence or law in support of that claim.’ ” Evergreen W., Inc. v. Boyd, 167 Ariz. 614, 810 P.2d 612, 619 (1991) (quoting Black’s Law Dictionary at 704 (6th ed. 1990)). . Invalid means "[n]ot legally binding.” Invalid, Black’s Law Dictionary (10th ed. 2014). . Contrary to Defendants’ argument, the "some basis” standard is not a test for validity that applies universally to all § 33-420(A) claims, but instead is an articulation of the standard for groundlessness under that section. See Evergreen W., Inc. v. Boyd, 167 Ariz. 614, 810 P.2d 612, 619 (1991). Defendants’ interpretation of § 33-420 would render the words “otherwise invalid” meaningless; if “groundless” means "frivolous” (i.e. "has no arguable basis or is not supported by any credible evidence,” Evergreen, 810 P.2d at 619) then it would not be sensible to interpret "otherwise invalid” to mean frivolous as well. See State v. Thompson, 204 Ariz. 471, 65 P.3d 420, 424 (2003) (en banc) (“[W]e construe statutes sensibly, attempting to effectuate the intent of the legislature, and we avoid constructions that would render statutes invalid or parts of them meaningless.”). . See A.R.S. § 33-801 (" 'Trustee' means an individual, association or corporation qualified pursuant to § 33-803, or the successor in interest thereto, to whom trust property is conveyed by trust deed.”).